**Gerald ELAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65877.**

Missouri Court of Appeals,
Western District.

June 20, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2006.

Gerald M. Elam, Cameron, MO, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before: THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and PAUL M. SPINDEN, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Gerald Elam brings this *pro se* appeal from a circuit court order denying his Rule 29.07(d) [1] motion to withdraw a guilty plea or vacate sentence. On jurisdictional grounds, we reverse and remand with directions.

In 1996, Mr. Elam entered a guilty plea to two counts of unlawful use of a weapon; [2] the circuit court suspended imposition of sentence and placed him on five years' probation. In 2000, Mr. Elam was convicted by a jury of murdering his

1. Rule references are to the Missouri Rules of Criminal Procedure, unless otherwise indicated. Rule 29.07(d) provides:

    A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

2. Mr. Elam had been stopped for speeding and was found to be carrying a concealed weapon. The police also found marijuana in his possession and that he was driving with an expired license. Mr. Elam contends that he was innocent of the charges because he was peaceably driving from point A to point B on a trip to hunt coyotes.

grandfather and sentenced to life imprisonment without the possibility of parole.[3] Thereafter, in February 2001, his probation with respect to the 1996 offense was revoked and he was sentenced to five concurrent years on each count of unlawful use of a weapon. While there are documents in the record indicating that Mr. Elam attempted in March and April to get help in filing a Rule 24.035 motion from the public defender who represented him at the probation-revocation hearing, it was not until a year later that he filed pleadings which challenged the probation revocation—a *pro se* motion under Rule 29.12(b) for correction of manifest injustice and an amendment thereto.[4] His motion and amendment were overruled, and an attempt to appeal the matter to this court was turned aside on jurisdictional grounds. In August 2002, Mr. Elam filed a *pro se* Rule 24.035 motion to vacate, set aside, or correct his sentence, and this motion was dismissed because it had been filed out of time.[5] No appeal was taken from the circuit court's order dismissing his Rule 24.035 motion.

■ Mr. Elam then filed the *pro se* motion at issue here, seeking to withdraw his guilty plea, to vacate sentence, or for alternative relief from judgment under Rules 29.07(d) and 74.06(d).[6] Among the issues raised by the motion was that Mr. Elam's plea was not made voluntarily and intelligently because he was suffering from a mental disease when the plea was entered.[7] This motion was filed in June 2005 and overruled in July, and this appeal followed.[8] The only evidence in the legal file of the circuit court's order overruling Mr. Elam's motion is a three-line docket sheet entry. It is "signed" with the

3. We affirmed Mr. Elam's conviction in *State v. Elam*, 89 S.W.3d 517 (Mo.App. W.D.2002).

4. Mr. Elam claims that he submitted a penciled-in Form 40 to the court in an attempt to file a timely Rule 24.035 motion, but this is not reflected in the circuit court's docket entries nor has he provided a copy of this form in the legal file.

5. When Mr. Elam's motion was filed, Rule 24.035(b) required that such motions, where a direct appeal is not taken from the judgment or sentence, "shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections."

6. Rule 74.06(d), Missouri Rules of Civil Procedure, does not apply to judgments or orders entered in criminal matters. *Roath v. State*, 998 S.W.2d 590, 593 (Mo.App. W.D.1999).

7. Mr. Elam has been diagnosed with "schizoaffective disorder, bipolar type," which delayed his trial for the 1997 murder of his grandfather on competency grounds for two years. *Elam*, 89 S.W.3d at 520–21. While we are sensitive to the possibility that Mr. Elam's disorder could have impaired his ability to understand his post-conviction rights, there is nothing in the record, other than his bare assertions, showing that either the court or counsel was remiss in seeking a competency determination in relation to the proceedings in this case. *See State v. Tilden*, 988 S.W.2d 568, 575–79 (Mo.App. W.D.1999) (noting that set of facts was out of the ordinary in light of defendant's history of severe psychological and mental problems, and finding reversible error in court's failure to *sua sponte* address his competency to stand trial). While Mr. Elam's lack of competency delayed trial for the 1997 murder of his grandfather, there is no evidence in the legal file of serious problems, such as extensive criminal activity or mental health treatment, which would have raised reasonable cause, *id.* at 579, to believe he lacked competency to proceed in 1996 during his plea and sentencing hearings or in 2001 when his probation was revoked.

8. Mr. Elam appears to be claiming that (i) his inability to obtain a transcript of the plea hearing and the court's failure to enter proper judgments in his case, (ii) the court's failure to address his mental competency during the plea, sentencing, and probation-revocation hearings, and (iii) his purported abandonment by counsel constitute plain error and manifest injustice in violation of his due process rights under the state and federal constitutions.

judge's typewritten initials. The State asks this court to dismiss the appeal because nothing in the record indicates that the circuit court entered a signed ruling denominated a "judgment" in overruling Mr. Elam's Rule 29.07(d) motion.

In *Scott v. State*, 180 S.W.3d 519, 521 (Mo.App. W.D.2006), this court ruled that a docket entry overruling motions filed under Rules 24.035 and 74.06, which entry is accompanied by a judge's typewritten initials, does not satisfy the signature requirement of Rule 74.01(a) of the Missouri Rules of Civil Procedure, and, thus, this court is without jurisdiction to hear an appeal of what would otherwise be an appealable order.[9] Rule 24.035 provides, in part, that the procedure to be followed for motions filed under the rule is "governed by the rules of civil procedure insofar as applicable." Rule 24.035(a). While there is no similar procedural direction included in Rule 29.07, the courts have long considered a motion filed under its identical predecessor, former Rule 27.25, to be in the nature of a civil action governed by the rules of civil procedure insofar as applicable and have since followed such authority in cases filed under Rule 29.07. *Brown v. State*, 66 S.W.3d 721, 724 (Mo. banc 2002).[10]

Not only do we lack appellate jurisdiction to consider this matter, we would note that the circuit court also lacked jurisdiction to consider Mr. Elam's motion. In *Logan v. State*, 22 S.W.3d 783,

785 (Mo.App. W.D.2000), this court stated that if "a defendant raises claims in a Rule 29.07(d) motion which are within those enumerated in Rule 24.035, the motion 'remains a Rule 24.035 motion and is subject to all the terms and conditions of Rule 24.035, including time limitations[.]'" (citation omitted).[11] The issues Mr. Elam has raised in his Rule 29.07(d) motion challenge the constitutionality of his conviction and sentence and the effectiveness of counsel and involve matters that were known to Mr. Elam within the time limits imposed by Rule 24.035. Thus, they should have been raised in a timely Rule 24.035 motion for post-conviction relief and not some four years after his probation-revocation hearing. While abandonment by post-conviction counsel can be raised outside the time restrictions of the post-conviction rules, *Dunn v. State*, 17 S.W.3d 907, 910 (Mo. App. E.D.2000), Mr. Elam did not have post-conviction counsel, because he did not file a timely Rule 24.035 motion, which is the trigger for the appointment of post-conviction counsel in the case of an indigent movant.

We reverse and remand with directions to the circuit court to dismiss for lack of jurisdiction.

PATRICIA A. BRECKENRIDGE, and PAUL M. SPINDEN, JJ. concur.

---

9. An order denying a motion to withdraw a guilty plea is an appealable order. *See, e.g., State v. Johnson*, 172 S.W.3d 900, 901 n. 3 (Mo.App. S.D.2005).

10. In this regard, we would suggest to the appropriate rules committee that it would be helpful to practitioners and litigants to incorporate such legal principles into the rules of criminal procedure. Their omission has the potential to create needless traps for the unwary. We would also suggest that it would be

a better practice for the circuit courts to personally initial the docket entries of their appealable orders to avoid placing unnecessary and technical obstacles in the paths of those with potentially meritorious claims.

11. See also Rule 24.035(b), which provides, in relevant part, that a failure to file a timely motion under the rule "shall constitute ... a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."