Larry John JACK, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 30512.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 9, 2011.

Motion for Rehearing or Reconsideration
and Transfer Denied Aug. 31, 2011.

Larry John Jack, pro se.

Chris Koster, Atty. Gen., John M.
Reeves, Asst. Atty. Gen., Jefferson City,
MO, for Respondent.

JEFFREY W. BATES, Judge.

Larry Jack (Appellant) was charged
with four counts of first-degree sodomy.
On June 20, 2008, Appellant pled guilty to
two of the charges pursuant to a plea
agreement. The State dismissed the other
two charges. Appellant was sentenced to
serve concurrent, 15–year terms of impris-
onment. He was delivered to the Depart-
ment of Corrections on June 25, 2008.

On December 21, 2009, Appellant filed a
pro se motion with the plea court to with-
draw his guilty plea pursuant to Rule
29.07.[1] This motion was denied in a judg-
ment entered on January 12, 2010. Appel-
lant did not file an after-trial motion.

On February 11, 2010, Appellant filed a
pro se Rule 24.035 post-conviction motion.
On February 16, 2010, the motion court

entered an order denying the motion as
untimely. Appellant did not file an after-
trial motion.

On March 18, 2010, Appellant attempted
to file one pro se notice of appeal directed
at the separate rulings made by the plea
court and the motion court. The notice of
appeal was not accompanied by either the
required docket fee or a motion to proceed
in forma pauperis.[2] Appellant was noti-
fied and filed his motion to proceed in
forma pauperis with the trial court on
April 14, 2010. The trial court sustained
the motion on April 22, 2010. Appellant's
notice of appeal was filed that same day.
The State has requested that this appeal
be dismissed as untimely. For the reasons
that follow, we agree and dismiss the ap-
peal.

*The Rule 29.07(d) Motion*

We first address the timeliness of Appel-
lant's attempt to appeal from the denial of
his Rule 29.07 motion. Appellant's motion
was filed 18 months after his sentence was
imposed. To correct manifest injustice, a
trial court after sentence may set aside a
judgment of conviction and permit a defen-
dant to withdraw his or her plea. Rule
29.07(d). Although such a post-conviction
motion retains the same docket number as
the criminal case, the motion is treated as
though it were a separate civil proceeding.
*State v. Larson*, 79 S.W.3d 891, 893 (Mo.
banc 2002); *State v. Tayon*, 117 S.W.3d
721, 722 (Mo.App.2003).

The denial of a post-conviction Rule
29.07(d) motion is appealable. *Brown v.
State*, 66 S.W.3d 721, 722 (Mo. banc 2002);
*State v. Johnson*, 172 S.W.3d 900, 901 n. 3
(Mo.App.2005); *Hamilton v. State*, 865
S.W.2d 374, 376 (Mo.App.1993). In re-

---

1. All references to rules are to Missouri Court
   Rules (2010).

2. The motion court's docket entry noted:
   "[n]o motion to proceed as a poor person
   received. No filing fee received."

viewing the denial of such a motion, we are required to follow the applicable rules of civil procedure governing when a notice of appeal must be filed to be timely. *See State v. Thomas*, 96 S.W.3d 834, 838 (Mo. App.2002).

Rule 81.04(a) requires a notice of appeal to be filed "not later than ten days after the judgment or order appealed from becomes final." *Id.* Rule 81.05(a)(1) states that "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Here, the judgment denying Appellant's Rule 29.07(d) motion was entered on January 12, 2010. Because Appellant did not file an after-trial motion, the judgment became final on February 11, 2010. Rule 81.05(a)(1). Therefore, Appellant's notice of appeal had to be filed no later than February 22, 2010. Rule 81.04(a).[3] Because no timely notice of appeal was filed in connection with the denial of Appellant's Rule 29.07(d) motion, this Court lacks appellate jurisdiction and must dismiss this aspect of Appellant's appeal. *See Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471–72 (Mo. banc 2011).

### The Rule 24.035 Motion

We next address the timeliness of Appellant's attempt to appeal from the denial of his Rule 24.035 motion. Rule 24.035(k) states, in relevant part, that "[a]n order ... overruling a motion filed under the provisions of this Rule 24.035 shall be deemed a final judgment for purposes of appeal by the movant or the state." On appeal, we are required to follow the applicable rules of civil procedure governing when a notice of appeal must be filed to be

timely. *See Twitty v. State*, 322 S.W.3d 608, 609–10 (Mo.App.2010); *Wise v. State*, 219 S.W.3d 270, 272 (Mo.App.2007).

As noted above, Rule 81.04(a) requires a notice of appeal to be filed "not later than ten days after the judgment or order appealed from becomes final." *Id.* Rule 81.05(a)(1) states that "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Here, the order denying Appellant's Rule 24.035 motion was entered on February 16, 2010. That order is deemed to be the final judgment for purposes of appeal. Rule 24.035(k). Because Appellant did not file an after-trial motion, the order became final on March 18, 2010. Rule 81.05(a)(1). Therefore, Appellant's notice of appeal had to be filed no later than March 29, 2010. Rule 81.04(a).[4]

On March 18, 2010, Appellant attempted to file a notice of appeal relating to the denial of his Rule 24.035 motion. His *pro se* notice, however, was not accompanied by either the required docket fee or a motion to proceed *in forma pauperis*. A trial court clerk is prohibited from accepting or filing a notice of appeal unless "[t]he docket fee is deposited therewith; or ... [a]n order permitting the appellant to prosecute the appeal in forma pauperis accompanies the notice of appeal." Rule 81.04(d)(1) and (3). Appellant did not file a motion to proceed *in forma pauperis* until April 14, 2010. His notice of appeal was not filed until April 22, 2010, when the order granting his motion to proceed *in forma pauperis* was sustained. Thus, Appellant's notice of appeal from the order denying his Rule 24.035 motion was un-

---

3. Because the last day of the 10–day time period was a Sunday, Appellant had until the end of the next business day to file his notice of appeal. Rule 44.01(a).

4. Similarly, because the last day of the 10–day time period was a Sunday, Appellant had until the end of the next business day to file his notice of appeal. Rule 44.01(a).

timely. In the absence of a timely notice of appeal, this Court lacks appellate jurisdiction and also must dismiss this aspect of Appellant's appeal. *See Spicer*, 336 S.W.3d at 471–72.

Appellant's appeal is dismissed for lack of appellate jurisdiction.

BARNEY and SCOTT, JJ., Concur.