

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| ARAK L. McCOY, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD76625 |
| | ) | |
| STATE OF MISSOURI, | ) | **FILED: March 17, 2015** |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable Michael W. Manners, Judge**

**Before Division Four: Alok Ahuja, C.J., Cynthia L. Martin, J., and David H. Miller, Sp. J.**

Arak McCoy pleaded guilty in the Circuit Court of Jackson County to one count of statutory sodomy, for which he was sentenced to ten years' imprisonment. Execution of the sentence was suspended, and McCoy was placed on probation for five years. McCoy later filed a motion under Supreme Court Rule 29.07(d), seeking to withdraw his plea. McCoy argued that his guilty plea was not knowing and voluntary because his plea counsel had misadvised, and failed to advise, him concerning the terms of the lifetime supervision and monitoring to which he would be subject as a result of his conviction. The circuit court denied relief following an evidentiary hearing. We affirm.

**Factual Background**

The State charged McCoy with one count of first-degree statutory sodomy under § 566.062,[1] based on an incident in September 2011 during which he allegedly inserted his penis into the anus of a boy who was less than 12 years old. McCoy was less than seventeen years old at the time of the offense.

The State and McCoy negotiated a plea agreement. In exchange for McCoy's guilty plea the State agreed to amend the charge to allege sodomy involving a victim less than 14 years old. In light of the amendment, the offense would no longer be deemed a "dangerous felony" under § 556.061(8), and McCoy would therefore not be subject to the requirement of § 558.019.3 that he serve a minimum of 85% of his sentence prior to being eligible for parole. The State also agreed to recommend a sentence of ten years, with execution of the sentence suspended and McCoy placed on probation for five years.

At the time of his guilty plea, McCoy was seventeen years old. At the plea hearing McCoy admitted that he had engaged in anal intercourse with a child who was less than fourteen, and that he was accordingly guilty of first-degree statutory sodomy. The court accepted his plea, and sentenced McCoy consistently with the plea agreement to ten years' imprisonment. Execution of the sentence was suspended, and McCoy was placed on five years' probation.

McCoy later filed a motion to set aside his guilty plea under Supreme Court Rules 24.035 and 29.07(d). McCoy's motion alleged that his plea counsel had failed to advise him that, pursuant to § 217.735, his guilty plea would render him subject to lifetime supervision and global positioning system (or "GPS") monitoring. Instead, McCoy claimed that plea counsel told him that he would be entitled to petition for release from probation and supervision within

---

[1]     Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2011 Cumulative Supplement.

approximately two years, and that McCoy "would most likely be successful in doing so." McCoy's motion also alleged that counsel had advised him to admit that he had engaged in anal intercourse with the victim, even though that "admission was not true," "at least to the extent that [McCoy] had not anally penetrated the victim."

The motion court conducted an evidentiary hearing at which McCoy, his mother, and plea counsel testified. At the hearing, McCoy denied that he had penetrated the victim's anus with his penis; he testified that he admitted to this act during the plea hearing, even though it was not true, because counsel told him to do so. In addition, both McCoy and his mother testified that they were not informed of the lifetime supervision and GPS monitoring requirements to which McCoy would be subject due to the nature of the offense to which he was pleading guilty. McCoy testified that counsel advised him "that I could petition to get off the registering after two years I believe."

Plea counsel testified that, in a private one-on-one meeting without his parents present, McCoy admitted to counsel that he had inserted his penis into the victim's anus, and had kept it there for "'five or six minutes.'" Counsel denied ever telling McCoy to lie about what had happened. Counsel testified that he advised McCoy and his parents that "there was a mountain of evidence against him and that we needed to try to work out a plea with the State because I didn't believe that we would be successful at trial." The evidence against McCoy included medical evidence which indicated that the victim had experienced injuries consistent with anal penetration. Plea counsel testified that, although he informed McCoy that he would be subject to lifetime sex-offender registration, he advised McCoy and his parents "that there was a possibility that we could petition the Court for an early release" from his probation within two years. On cross-examination, counsel clarified that what he expressed to McCoy and his parents "was just

3

kind of a generalized thought that, you know[,] [petitioning for early release was] something to look into maybe later." Counsel acknowledged that he did not advise McCoy or his parents of the lifetime GPS monitoring requirement.

Following the evidentiary hearing the circuit court entered judgment denying McCoy relief. The court determined that, because McCoy had never been delivered to the Department of Corrections, he could not seek post-conviction relief under Rule 24.035, but only under Rule 29.07(d). The court rejected McCoy's claim that counsel had instructed him to lie by admitting anal penetration of the victim: "Movant is, by his own testimony, a liar for whom the requirements of the oath will be readily jettisoned if they impede him in getting what he wants."

With respect to counsel's advice regarding lifetime supervision and monitoring, the circuit court determined that the supervision and monitoring requirements were "collateral consequences" of McCoy's guilty plea, and that counsel therefore was not required to advise McCoy of those consequences in order for his plea to be considered knowing and voluntary. The circuit court also found that, even if counsel was constitutionally obligated to inform McCoy of the lifetime supervision and monitoring requirements, there was not a reasonable probability that McCoy would have chosen to go to trial if counsel had more fully advised him. The court noted the length of the sentence to which McCoy would have been subject if he had been convicted after trial, the fact that the lifetime supervision and monitoring requirements would have applied if McCoy had been convicted after trial, and McCoy's admissions of his guilt to counsel and during the plea hearing.

McCoy appeals.

## Standard of Review

A defendant does not have an absolute right to withdraw a guilty plea. Such relief should be granted by a motion court only upon a showing that the relief of withdrawal of the plea is necessary to correct manifest injustice. In

4

reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous. It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred.

If appellant's plea of guilty was voluntary and was made with an understanding of the charges against him, there can be no manifest injustice inherent in the plea. If a defendant is mislead or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, he or she should be permitted with withdraw the plea. Unawareness of certain facts at the time of a plea does not necessarily render the plea unintelligent or involuntary.

*State v. Ralston*, 41 S.W.3d 620, 621-22 (Mo. App. W.D. 2001) (citations and internal quotation marks omitted).

**Discussion**

On appeal, McCoy argues that the circuit court erroneously denied his Rule 29.07(d) motion, because plea counsel provided him with ineffective assistance by misinforming McCoy that he could petition for early release from the lifetime supervision and monitoring requirements, and by failing to specifically advise him of the lifetime GPS monitoring requirement. McCoy does not challenge the trial court's refusal to grant relief under Rule 24.035.

**I.**

We first address the State's claim that the appeal should be dismissed because this Court lacks appellate jurisdiction over the denial of McCoy's Rule 29.07(d) motion.

The State cites *State v. Larson*, 79 S.W.3d 891 (Mo. banc 2002), which holds that "[a] trial court's ruling of a Rule 29.07(d) motion is not a final judgment and fits within no exception to the final judgment rule and thus [is] not appealable under either the civil or criminal definitions." *Id.* at 893. *Larson* is distinguishable from this case, however, because in *Larson*, the trial court had suspended *imposition* of sentence, and therefore no final criminal conviction had been entered against the defendant. *Larson* emphasized this fact, noting that the pre-

5

sentencing Rule 29.07(d) motion in that case was "part and parcel of the ongoing criminal case," and that in the underlying criminal proceeding, "[n]o sentence is entered and there is no final judgment and the trial court retains jurisdiction." *Id.*[2] Later Missouri Supreme Court cases have described *Larson*'s holding as limited to cases in which no final criminal conviction has been entered because imposition of sentence has been suspended. *See Stanley v. State*, 420 S.W.3d 532, 544 n.11 (Mo. banc 2014) (describing *Larson* as holding that "an appeal of a denial of a request to withdraw a guilty plea is not allowed when the motion came before imposition of sentence because the denial is not a final order when sentence is not yet imposed"); *State v. Saffaf*, 81 S.W.3d 526, 527 (Mo. banc 2002) (citing *Larson* for the proposition that "[a] motion to withdraw a guilty plea under Rule 29.07(d) where the imposition of sentence has been suspended is not an appealable final judgment").

Rule 29.07(d) permits a defendant to file a motion to withdraw a guilty plea prior to the imposition of sentence – the situation involved in *Larson*. But the Rule also authorizes a defendant to move to withdraw a guilty plea *following* the imposition of sentence, "to correct manifest injustice." Missouri appellate court have repeatedly exercised jurisdiction over appeals from the denial of motions to withdraw guilty pleas under Rule 29.07(d), where the motions were filed subsequent to the defendant's sentencing. *State v. Onate*, 398 S.W.3d 102, 107 n.6 (Mo. App. W.D. 2013); *Jack v. State*, 354 S.W.3d 659, 659 (Mo. App. S.D. 2011) ("The denial of a post-conviction Rule 29.07(d) motion is appealable."); *State v. Ison*, 270 S.W.3d 444, 446-

---

[2]      *Larson*'s discussion of the effect of a suspended imposition of sentence is consistent with the general principle that, "[i]n a case involving the *suspension of the imposition of sentence*, there is an active criminal proceeding which is suspended," and "there is not a final judgment." *Edwards v. State*, 215 S.W.3d 292, 295 (Mo. App. S.D. 2007) (citations and internal quotation marks omitted). In contrast, "[a] suspended execution of sentence is a final judgment." *Id.*; *see also, e.g., M.A.B. v. Nicely*, 909 S.W.2d 669, 671 (Mo. banc 1995) ("'Where imposition of sentence has been suspended, there can be no judgment . . . . The term "conviction," standing alone, does not include a plea or finding of guilty where imposition of sentence is suspended.'" (quoting *Yale v. City of Independence*, 846 S.W.2d 193, 194, 195 (Mo. banc 1993)).

47 (Mo. App. W.D. 2008); *Elam v. State*, 210 S.W.3d 216, 219 & n.9 (Mo. App. W.D. 2006) (dictum; appeal of trial court's denial of post-sentencing Rule 29.07(d) motion failed because trial court had not signed the docket entry denying the motion; observing that the ruling "would otherwise be an appealable order"); *State v. Johnson*, 172 S.W.3d 900, 901 n.3 (Mo. App. S.D. 2005) ("An order denying a motion to withdraw a guilty plea is an appealable order."); *State v. Thomas*, 96 S.W.3d 834, 838 (Mo. App. W.D. 2002) (rejecting jurisdictional challenge to an appeal of the denial of a post-sentencing Rule 29.07(d) motion); *State v. Fensom*, 69 S.W.3d 550, 551 (Mo. App. W.D. 2002) (dictum; "Many cases hold that an order denying a motion to withdraw a guilty plea is an appealable order. In those cases, however, the defendant had been sentenced, and, therefore, a final judgment supported the appeal." (citations omitted)).

In light of the caselaw holding that the denial of a *post-sentencing* motion to withdraw a guilty plea is appealable, we reject the State's claim that this appeal should be dismissed for lack of appellate jurisdiction.[3]

## II.

McCoy argues that he is entitled to withdraw his guilty plea because counsel inaccurately told him that he would be entitled to petition for release from supervision after two years, and failed to advise him that he would be subject to lifetime GPS monitoring. The circuit court

---

[3] In the discussion of its jurisdictional argument, the State also argues that this case does not involve the circumstances in which a criminal defendant may properly file a post-sentencing motion to withdraw his guilty plea under Rule 29.07(d), as opposed to filing a motion for post-conviction relief under Rule 24.035, or a petition for a writ of habeas corpus. Given that we affirm the circuit court's denial of McCoy's motion on other grounds, we need not decide this issue. We note, however, that in *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002), the Missouri Supreme Court stated that "claims that are brought prior to conviction, sentencing and remand to the [Department of Corrections] do not come within the claims enumerated in Rule 24.035 and so need not be raised in a Rule 24.035 motion or by habeas corpus in order to be preserved." *Id.* at 730 n.5. The Court specifically recognized that "a motion under the second clause of Rule 29.07(d)[, seeking correction of a 'manifest injustice,'] . . . after sentence but before remand to the DOC," "would still be proper." *Id.*; *see also Ison*, 270 S.W.3d at 446-47. In this case McCoy has been sentenced, but has not been remanded to the Department of Corrections because he has been placed on probation.

rejected McCoy's claim for two reasons: (1) counsel was not required to advise McCoy concerning the supervision and monitoring requirements, because those requirements were merely "collateral consequences" of his plea; and (2) McCoy was not prejudiced by counsel's failure to more fully advise him, because he would have pleaded guilty even if he had been more knowledgeable concerning the supervision and monitoring to which he would be subject. Because the circuit court's finding that McCoy was not prejudiced is not clearly erroneous, we affirm on that basis, without deciding whether counsel was constitutionally required to advise McCoy of the GPS monitoring requirement.

## A.

"The validity of a plea of guilty depends on whether it was made voluntarily and intelligently." *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999). Current Missouri caselaw holds that, for a plea to be voluntary and knowing, the defendant must be advised of the "direct consequences" of his plea. *Id.* "Direct consequences are set forth in [Rule] 24.02(b) and include the nature of the charges, the maximum possible and mandatory minimum penalties, the right to be represented by an attorney, the right not to plead guilty, and the defendant's waiver of all trial rights if he pleads guilty." *State v. Rasheed*, 340 S.W.3d 280, 284 (Mo. App. E.D. 2011) (citing Rule 24.02(b)(l)-(4)). "[D]irect consequences are ones that 'definitely, immediately, and largely automatically' follow the entry of a plea of guilty." *Id.* (citation omitted). Although it is necessary to inform a defendant of all "direct consequences" of a guilty plea, plea counsel is not required to inform a defendant of "collateral consequences." *Id.*

Under current Missouri law, issues concerning parole eligibility, and the requirement to register as a sex offender, are generally deemed to be "collateral consequences" of a guilty plea; plea counsel is therefore not required to discuss such matters with a defendant in order for the defendant's guilty plea to be considered knowing and voluntary. *See*, *e.g.*, *Simmons v. State*, 432

S.W.3d 306, 308 (Mo. App. E.D. 2014) ("parole eligibility is considered to be a 'collateral consequence' of a plea, about which counsel has no obligation to inform the defendant"; citing *Reynolds*, 994 S.W.2d at 946); *Ramsey v. State*, 182 S.W.3d 655, 659-61 (Mo. App. E.D. 2005) (holding that sex-offender registration is a "collateral consequence" of a guilty plea).

McCoy argues that Missouri caselaw concerning the scope of plea counsel's obligation to advise his client of the consequences of a guilty plea must be reexamined in light of the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010). *Padilla* held that plea counsel has a constitutional obligation to advise a noncitizen defendant of the risk of adverse immigration consequences arising out of a guilty plea. *Id.* at 368-69.

The Missouri Supreme Court has not decided whether *Padilla* expands counsel's obligation to inform a defendant of non-deportation consequences of a guilty plea. *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011), concluded that, because reversal for an evidentiary hearing was required on other grounds, "[i]t is not necessary to consider whether *Padilla* applies to other consequences [of a guilty plea] such as parole eligibility." *Id.* at 131 n. 8; *see also id.* at 134-40 (Wolff, J., concurring), 143-45 (Fischer, J., dissenting) (expressing differing views concerning *Padilla*'s application outside the immigration context). Court of Appeals decisions have "declined to expand *Padilla*'s reasoning beyond the deportation context into parole matters." *Simmons*, 432 S.W.3d at 310; *see also Burgess v. State*, No. ED99440, 2014 WL 707158 (Mo. App. E.D. Feb. 25, 2014) (rejecting a claim that, under *Padilla*, plea counsel was ineffective for failing to inform the defendant that he would be subject to lifetime electronic monitoring as a result of his guilty plea to various sexual offenses).[4]

---

[4] The Missouri Supreme Court denied an application for transfer in *Burgess* on June 24, 2014, No. SC94231, and no petition for writ of certiorari was filed in the United States Supreme Court. Thus, *Burgess* is final, although it has not yet been published in the SOUTHWESTERN REPORTER.

9

We need not decide whether *Padilla* required counsel to advise McCoy of the lifetime supervision and monitoring consequences which flowed from his guilty plea. Even if counsel was required to advise McCoy of such matters, the circuit court's decision would be subject to affirmance for a separate reason: the circuit court found that further advice would not have altered McCoy's decision to plead guilty.

McCoy's motion alleges that he is entitled to withdraw his guilty plea because of the ineffective assistance he received from his plea counsel. "To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." *Dorsey v. State*, 448 S.W.3d 276, 286-87 (Mo. banc 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To satisfy the 'prejudice' requirement when challenging a guilty plea, the movant must allege facts showing '"that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."'" *Webb*, 334 S.W.3d at 128 (quoting *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997), in turn quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, that course should be followed." *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989). "[I]f a party fails to prove prejudice, the Court need not evaluate counsel's performance." *Taylor v. State*, 262 S.W.3d 231, 254 n.9 (Mo. banc 2008).

The requirement to prove prejudice applies with full force to ineffective-assistance claims based on *Padilla*. After *Padilla* determined that the post-conviction relief movant had adequately alleged a claim that his counsel had performed inadequately by failing to advise him

10

concerning the potential immigration consequences of a guilty plea, it made clear that Padilla would *still* need to satisfy *Strickland*'s prejudice requirement:

> Accepting his allegations as true, Padilla has sufficiently alleged constitutional deficiency to satisfy the first prong of Strickland. ***Whether Padilla is entitled to relief on his claim will depend on whether he can satisfy <u>Strickland</u>'s second prong, prejudice***, a matter we leave to the Kentucky courts to consider in the first instance.

*Padilla,* 559 U.S. at 369 (emphasis added); *see also id.* at 374.

Therefore, to be entitled to relief, McCoy was required to prove by a preponderance of the evidence that there is a reasonable probability that, if counsel had informed him of the lifetime GPS monitoring requirement, he would not have pleaded guilty and would have insisted on going to trial. At the evidentiary hearing, McCoy testified that, if he had been aware of the lifetime GPS monitoring requirement, he would not have pleaded guilty but would have insisted on going to trial. The trial court did not believe McCoy's testimony, however, and instead found that McCoy had failed to establish a reasonable probability that he would have chosen to go to trial if counsel had more fully advised him. This finding was not clearly erroneous. McCoy faced a charge – statutory sodomy involving a victim who was less than twelve years old – which carried a mandatory minimum sentence of ten years. That offense was also classified as a "dangerous felony" under § 556.061(8), and McCoy would therefore have been required by § 558.019.3 to serve at least 85% of his sentence before being eligible for parole. And, if convicted, McCoy would have been subject to the same lifetime GPS monitoring requirement which resulted from his guilty plea.

Counsel testified at the evidentiary hearing that he advised McCoy and his parents that "there was a mountain of evidence against him and that we needed to try to work out a plea with the State because I didn't believe that we would be successful at trial." This "mountain of evidence" included medical evidence indicating that the victim had suffered injuries consistent

11

with anal penetration. In addition, counsel testified that McCoy's mother told counsel that she had found McCoy and the victim in bed together; when she discovered them, "the victim had no underpants on and . . . Arak had shorts . . . that were down around his knees." Counsel also testified that McCoy admitted to him that he had placed his penis in the victim's anus; McCoy also admitted to this fact, under oath, during the guilty plea hearing.

In addition to the strength of the evidence against him, it is relevant to the prejudice analysis that counsel testified that, although he did not inform McCoy of the GPS monitoring requirement, he *did* inform McCoy that he would be subject to lifetime sex-offender registration and supervision. The trial court could rightly question whether knowledge of the additional requirement of GPS monitoring, standing alone, would have been enough to alter McCoy's decision to plead guilty.

Finally, counsel testified that McCoy admitted to him that he had engaged in sexual conduct with another victim, outside the State of Missouri. Apparently, the victim in the present offense had stated that, during their encounter, McCoy assured the victim that what they were doing was not improper, because he had previously done it with the other victim. Counsel testified that he discussed with McCoy the possibility that the State would present evidence concerning the other victim as an aggravating factor in connection with McCoy's sentencing.

Given the foregoing circumstances, we cannot find that the circuit court clearly erred in concluding that McCoy had not demonstrated a reasonable probability that, if counsel had informed him of the lifetime GPS monitoring requirement, he would have refused to plead guilty and instead insisted on taking his case to trial.

**B.**

Besides arguing that plea counsel failed to advise him of the lifetime GPS monitoring requirement, McCoy's motion to withdraw his guilty plea also argued that counsel affirmatively

misrepresented that McCoy could petition for release from supervision two years after his conviction. At the evidentiary hearing, McCoy testified consistent with his motion that he was told by counsel "that I could petition to get off the registering after two years I believe." The circuit court did not separately address this claim.

A guilty plea is not voluntary if the defendant was mislead or induced to plead guilty by fraud or mistake. *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). "In cases where counsel affirmatively misinforms a client about *any* consequence of pleading guilty, direct or collateral, and thereby causes such client to possess a mistaken belief regarding his sentence, the critical test is whether a reasonable basis exists in the record for such a mistaken belief." *Johnson*, 318 S.W.3d at 318. A defendant's mistaken belief regarding a collateral consequence may render his plea not voluntary if "(1) the mistake is reasonable and (2) the mistake is based upon a positive representation upon which the defendant was entitled to rely." *Id.* (citing *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006)).

Although the circuit court did not separately address McCoy's affirmative misrepresentation claim, we presume that the court rejected it. McCoy's post-conviction Rule 29.07(d) motion commenced a civil proceeding, which is subject to Missouri's Rules of Civil Procedure. *Elam v. State*, 210 S.W.3d 216, 219 (Mo. App. W.D. 2006) (citing *Brown v. State*, 66 S.W.3d 721, 724 (Mo. banc 2002)); *see also, State v. Ison*, 270 S.W.3d 444, 445 (Mo. App. W.D. 2008) ("Although a Rule 29.07 motion is filed in the criminal case, it is a civil collateral attack on a criminal conviction just as are Rule 24.035 and Rule 29.15 motions.").

Under Rule 73.01(c), "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."[5] Therefore, under Rule

---

[5] McCoy did not file a motion to amend the judgment in the circuit court under Rule 78.07(c), asking the court to make explicit findings concerning his affirmative misrepresentation claim.

13

73.01(c) we presume that the circuit court rejected McCoy's testimony that plea counsel told him that he could petition to be relieved of the registration requirements two years after his conviction.

On this record, the circuit court's rejection of McCoy's affirmative misrepresentation claim was fully justified. Plea counsel's testimony contradicted McCoy's on this issue. Counsel testified that while he may have advised McCoy and his parents "that there was a possibility that we could petition the Court for an early release" from his probation within two years, this "was just kind of a generalized thought that, you know something to look into maybe later." Counsel also testified that any prospect of petitioning for early release from the supervision requirements was not "a condition under which [McCoy] entered the guilty plea." Although the circuit court did not explicitly address McCoy's affirmative misrepresentation claim, it rejected other aspects of his testimony, branding him "a liar for whom the requirements of the oath will be readily jettisoned if they impede him in getting what he wants." And the circuit court specifically credited other aspects of plea counsel's testimony. We presume that the circuit court also credited counsel's testimony, and rejected McCoy's, on the affirmative misrepresentation issue.

"This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Barton v. State*, 432 S.W.3d 741, 760 (Mo. banc 2014) (internal quotation marks omitted). Given the deference we owe to the circuit court's factual findings, we affirm its rejection of McCoy's claim that counsel affirmatively misrepresented to him that he could petition for early release from the registration and supervision requirements.[6]

---

By failing to file a Rule 78.07(c) motion, McCoy waived any claim of error based on the circuit court's failure to make express findings on this issue. *Gerlt v. State*, 339 S.W.3d 578, 584-85 (Mo. App. W.D. 2011).

[6] At oral argument in this Court, counsel for McCoy raised an entirely new claim: that automatically imposing lifetime supervision and monitoring requirements on a defendant who was less than eighteen years old at the time of the offense, and at the time of sentencing, constitutes cruel and

14

**Conclusion**

The circuit court's judgment, which denied McCoy's motion to withdraw his guilty plea under Rule 29.07(d), is affirmed.

_____
Alok Ahuja, Chief Judge

All concur.

---

unusual punishment under *Graham v. Florida*, 560 U.S. 48 (2010). We will not address this novel and potentially far-reaching claim, which has not been briefed by the parties in any fashion in the trial court or in this Court. We take no position concerning the remedies, if any, which may be available to McCoy to properly raise this claim.