**STATE of Missouri, Respondent,**

v.

**Ali R. WILSON, Appellant.**

**No. ED 105026**

Missouri Court of Appeals,
Eastern District,
DIVISION FIVE.

Filed: September 12, 2017

FOR APPELLANT: Kevin L. Schriener, 141 North Meramec Avenue, Suite 314, Clayton, Missouri 63105.

FOR RESPONDENT: Joshua Hawley, Evan J. Buchheim, 221 West High Street, P.O. Box 899, Jefferson City, Missouri 65102.

## OPINION

James M. Dowd, Chief Judge

Ali R. Wilson pleaded guilty in the Circuit Court of St. Louis County to one count of the class D felony of animal abuse. The court sentenced Wilson to one year of confinement in the county jail. Subsequently, Wilson filed a Rule 29.07(d)[1] motion to withdraw his guilty plea. The court denied it without an evidentiary hearing, and Wilson now appeals.

Arguing that the court clearly erred in denying his Rule 29.07(d) motion without an evidentiary hearing, Wilson raises one point on appeal: that plea counsel rendered

---

1. All rules references are to the Missouri Supreme Court Rules (2016).

ineffective assistance by failing to advise Wilson that he could have filed a motion to suppress evidence acquired during the seizure of Wilson's dogs pursuant to an administrative search warrant, and that there was a reasonable probability that it would have been successful. We affirm because even if we accept Wilson's assertions as true, they do not entitle him to relief because the trial court did not clearly err.

### Factual and Procedural Background

On January 6, 2014, an alarm system located at Wilson's residence sounded and St. Louis County police officers responded. While at the residence on Wood Poppy Drive, the officers observed a large number of dogs on the property. As a result, on January 7, 2014, one of the investigating officers applied to the St. Louis County municipal court for an administrative search warrant[2] of Wilson's residence. The affidavit supporting the application described the officers' appearance and observations at the residence the previous day. The affidavit also averred that on several previous occasions St. Louis County police officers had observed a large number of dogs on the property, and that the county had received numerous complaints and had issued numerous notices of violations referencing these animals, The administrative warrant was issued and executed on January 7, 2014, and pursuant to the search of Wilson's residence, St. Louis County Animal Control seized eleven dogs. Later, a criminal search warrant was applied for and issued and pursuant to that warrant the dogs were transferred from Animal Control to the Humane Society of Missouri.

Following an Animal Control veterinarian's examination of the animals—but before the issuance and execution of the criminal search warrant—the State charged Wilson by complaint with the class D felony of animal abuse in violation of § 578.012[3]. The State alleged that on January 7, 2014, Wilson had eleven dogs in his custody and knowingly failed to provide adequate care for the animals, and that previously, on September 5, 2003, he had pleaded guilty to animal abuse in St. Louis County. The State subsequently filed an amended information charging Wilson as a persistent offender. In the amended information, the State reduced from eleven to six the number of dogs it alleged Wilson abused.

Wilson pleaded guilty. The two attorneys who represented him through his plea advised him that a constitutional challenge to the administrative search would likely fail. Prior to sentencing, Wilson dismissed these two attorneys and replaced them with counsel who filed Wilson's Rule 29.07(d) motion to withdraw his plea. Further facts, as relevant, are provided below.

### Standard of Review

We review for clear error or abuse of discretion the denial of a Rule 29.07(d) motion to withdraw a guilty plea. *McCoy v. State*, 456 S.W.3d 887, 890 (Mo. App.W.D. 2015). The defendant bears the burden of proving such error by a preponderance of the evidence. *Id.* at 891.

---

**2.** Probable cause to issue an administrative warrant exists if reasonable legislative, administrative, or judicially prescribed standards for conducting an inspection are satisfied with respect to a particular dwelling. *Michigan v. Clifford*, 464 U.S. 287, 294, 104 S.Ct. 641, 78 L.Ed.2d 477 (1984). An administrative search warrant is not the proper avenue to conduct a search for purposes of prosecuting a crime, but to investigate when probable cause exists to believe that regulations are not being followed.

**3.** All statutory references are to RSMo Cum. Supp. 2013 unless otherwise indicated.

## Discussion

■■■ We first address the question of our jurisdiction to review the denial of Wilson's Rule 29.07(d) motion. Contrary to the State's arguments, the denial of a *post-sentencing* motion to withdraw a guilty plea is appealable. *McCoy v. State*, 456 S.W.3d 887, 892 (Mo.App.W.D. 2015) (citing, *inter alia, Jack v. State*, 354 S.W.3d 659, 659 (Mo.App.S.D. 2011)). Although the Missouri Supreme Court held in *State v. Larson*, 79 S.W.3d 891, 893 (Mo.banc 2002) that the denial of a *pre-sentencing* motion to withdraw a guilty plea does not count as a final judgment and thus is not appealable, "Missouri appellate court[s] have repeatedly exercised jurisdiction over appeals from the denial of motions to withdraw guilty pleas under Rule 29.07(d), where the motions were filed subsequent to the defendant's sentencing." *McCoy*, 456 S.W.3d at 892. We adhere to those authorities and consider Wilson's appeal.

■■■ Rule 29.07(d) provides that to correct a manifest injustice, a court may, even after sentencing, set aside a judgment of conviction and permit a defendant to withdraw his guilty plea. *McCoy*, 456 S.W.3d at 892. In filing his Rule 29.07(d) motion to withdraw his plea, Wilson claimed that he suffered manifest injustice because plea counsel rendered ineffective assistance. To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that (1) his counsel failed to exercise the level of skill and diligence that reasonably competent counsel would have exercised in a similar situation, and (2) that he was prejudiced by that failure. *Dorsey v. State*, 448 S.W.3d 276, 286-87 (Mo.banc 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Wilson contends that reasonably competent counsel would have advised him that he could have filed a successful motion to suppress evidence from the seizure of his dogs pursuant to the execution of the administrative search warrant in this case. But we find that reasonably competent counsel would not have so advised Wilson. There is no evidence in the record to support Wilson's argument that a constitutional challenge to the administrative search of his residence and seizure of his dogs would have succeeded.

In his Rule 29.07(d) motion, Wilson cited *Clifford*, 464 U.S. at 294, 104 S.Ct. 641, *Michigan v. Tyler*, 436 U.S. 499, 511, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978), *Abel v. United States*, 362 U.S. 217, 226, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960), *United States v. Utecht*, 238 F.3d 882, 886-87 (7th Cir. 2001), and *United States v. Phibbs*, 999 F.2d 1053, 1077 (6th Cir. 1995), among other cases, for the principle that the state may not lawfully use an administrative search warrant for the purpose of furthering a criminal prosecution. While we do not doubt that this principle is well-founded, Wilson fails to cite any evidence here—indeed, he fails even to make bare factual allegations that, if presumed true, would establish—that the State used the administrative search warrant in this case *specifically for the purpose of furthering a criminal prosecution.*

On the contrary, the record demonstrates that the State employed an administrative search warrant for the regulatory or administrative purpose of removing an excessive number of dogs from Wilson's residence and examining their health given their crowded living conditions. While Wilson claims it is "telling" that the State charged him with animal abuse *before* St. Louis County law enforcement seized the dogs from St. Louis County Animal Control pursuant to the subsequent, criminal

search warrant, he offers no explanation why the State could not lawfully have decided to charge him with that offense before the issuance and execution of the criminal warrant. Certainly, the State could have found probable cause to charge Wilson with animal abuse under the circumstances of this case by the time the Animal Control veterinarian examined the dogs after investigating officers had observed them at Wilson's residence in inadequate, crowded conditions. And tellingly, Wilson cites no facts other than the above-discussed timing of events to support his claim that the State used the administrative search warrant impermissibly to develop evidence against him for criminal prosecution.

Consequently, we find no clear error or abuse of discretion.

### Conclusion

For the reasons stated above, we affirm the judgment of the motion court.

Lawrence E. Mooney, J., and Lisa S. Van Amburg, J., concur.