

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110299 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | Cause No. 0711-CR02459 |
| | ) | |
| CHRISTOPHER J. POTTER, | ) | Honorable Philip J. Ohlms |
| | ) | |
| Appellant. | ) | Filed: December 6, 2022 |

### Introduction

Christopher Potter (Defendant) appeals the judgment of the trial court denying his motion under Rule 29.07(d)[1] to withdraw his 2007 plea of guilty to the class B misdemeanor of driving while intoxicated (DWI). Defendant argues the State never filed a proper indictment or information charging him with DWI, and therefore the trial court did not have jurisdiction to convict him or sentence him for this offense. We affirm.

### Background

On February 24, 2007, police issued Defendant a uniform citation for DWI. The State prosecutor signed the uniform citation for DWI and commenced prosecution. In May of 2007, Defendant, who was represented by counsel, filed a waiver of rights statement and

---

[1] All rule references are to Mo. R. Crim. P. 2021, unless otherwise indicated.

a plea of guilty to the class B misdemeanor of DWI. Pursuant to the plea agreement, the trial court suspended imposition of Defendant's sentence and placed Defendant on probation for a period of two years. In March of 2009, the trial court revoked Defendant's probation due to a probation violation, sentenced Defendant to pay a fine of $500, and discharged Defendant from probation.

In July of 2021, Defendant filed a motion to withdraw his plea of guilty and set aside the conviction and sentence for DWI, alleging that the State failed to file an indictment or information properly charging him with the offense prior to the time of Defendant's guilty plea. The trial court held a hearing, at which Defendant argued there was no entry on the court's docket sheets of any indictment or information filed in his case. The trial court noted the State had proceeded on the uniform citation issued to Defendant and signed by the prosecutor, but Defendant argued there is no docket entry of such citation filed with the court. Defendant had requested the case file, but the trial court noted that the Supreme Court of Missouri Rules provide no obligation to retain misdemeanor case files after five years, and Defendant's case file was no longer available. The trial court denied Defendant's motion at the end of the hearing. This appeal follows.

## Discussion

Defendant's sole point on appeal is that the trial court erred in denying his Rule 29.07(d)[2] motion because the trial court was without jurisdiction to convict and sentence him for DWI due to the State's failure to file a proper charging document. We disagree.

---

[2] "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Rule 29.07(d).

While Defendant cites a number of cases holding that the failure to file a proper charging document deprives the trial court of jurisdiction, we note the Supreme Court of Missouri has declared such holdings as "inaccurate." State v. Parkhurst, 845 S.W.2d 31, 35 (Mo. banc 1992) ("Cases stating that jurisdiction is dependent upon the sufficiency of the indictment or information mix separate questions"). Rather than jurisdiction, the issue is one of due process, which "requires that a defendant may not be convicted of an offense not charged in the information or indictment." State v. Hicks, 221 S.W.3d 497, 502 (Mo. App. W.D. 2007) (quoting State v. Hibler, 5 S.W.3d 147, 150 (Mo. banc 1999)). Additionally, a claim that the State failed to file a sufficient formal charging document is not waived by a plea of guilty. Parkhurst, 3845 S.W.2d at 35. Thus, while Defendant has asserted an improper jurisdictional argument, we may nevertheless consider his claim that the trial court erroneously accepted his guilty plea and sentenced him despite lack of a sufficient formal charging document, resulting in manifest injustice.

Turning to review of the denial of Defendant's 29.07(d) motion, we determine whether the trial court abused its discretion or was clearly erroneous. McCoy v. State, 456 S.W.3d 887, 890 (Mo. App. W.D. 2015). Defendant bears the burden to prove such abuse of discretion or clear error by a preponderance of the evidence. Id. at 890-91.

Rule 29.07(d) does not grant a defendant an absolute right to withdraw a guilty plea, rather the rule permits the post-sentence filing of a motion to vacate a guilty plea only "to correct manifest injustice." Id. at 890. "The test for relief under this rule is whether the defendant's plea was intelligently and voluntarily made." Hicks, 221 S.W.3d at 501 (citing State v. Ralston, 39 S.W.3d 546, 549 (Mo. App. W.D. 2001)).

3

Here, Defendant argues only that deficiencies in the charging document, or lack of a charging document, deprived the trial court of jurisdiction; he does not allege that any such deficiencies rendered his plea involuntary or unknowing. Defendant was represented by counsel during his guilty plea. The waiver of rights and guilty plea Defendant signed in the record state that he understood the nature of the charges and the range of punishment, and voluntarily entered his guilty plea. Defendant has not made any allegation nor presented any evidence to the contrary, thus he cannot show manifest injustice under Rule 29.07(d). See State ex rel. Parks v. Hoven, 493 S.W.3d 888, 890 (Mo. App. E.D. 2016) (noting, in the context of Rule 29.07(d), "[t]here can be no inherent manifest injustice where the defendant's plea of guilty was voluntary and was made with an understanding of the charges against him").

Even granting Defendant the most generous reading of his motion, to the extent he implies his plea was unknowing or involuntary due to lack of a sufficient charging document, we do not find the trial court abused its discretion or clearly erred in denying his motion to withdraw his plea under the circumstances here. "[W]hen a defendant objects to the sufficiency of the charging document *only after* he already has been convicted, the charging document 'will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted, or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced.'" State v. Collins, 328 S.W.3d 705, 708 n.4 (Mo. banc 2011) (quoting State v. Briscoe, 847 S.W.2d 792, 794 (Mo. banc 1993)). Moreover, the defendant must also establish actual prejudice. Id. "A defendant suffers actual prejudice only if the indictment or information was so deficient that the defendant was not

4

placed on notice as to what crime he was being charged with, or was so lacking in clarity that the defendant was unable to properly prepare a defense." State v. Baker, 103 S.W.3d 711, 722 (Mo. banc 2003) (internal quotation omitted).

Defendant argues the uniform citation here did not suffice to constitute a formal charging document, and that the citation was never filed with the trial court. First, the docket sheets of Defendant's case reflect a "document filed" on April 11, 2007. This April 11, 2007 filing includes a copy of the uniform citation issued to Defendant. Second, the fact that the State utilized the uniform citation as its charging document alone does not render it insufficient. See State v. Murphy, 358 S.W.3d 126, 133 (Mo. App. S.D. 2011) (noting Missouri courts regularly uphold use of a uniform citation specifying facts of offense as proper charging document when signed by prosecutor and filed in appropriate court). The uniform citation here is signed by the police officer, Defendant, and the prosecutor. In the space for facts supporting the officer's belief that Defendant had committed the offense of driving while intoxicated, "D.W.I." appears, as well as a numbered reference to the officer's report, which is not in the record on appeal. The citation also lists Section 577.010 as the statute violated.

Even if we were to assume the uniform citation here contains technical deficiencies,[3] the uniform citation still does not rise to the level of either failing to charge

---

[3] Missouri Supreme Court Rule 23.01 lists the requirements for a formal charging document:

    (a) The indictment or information shall be in writing, signed by the prosecuting attorney, and filed in the court having jurisdiction of the offense. . . .

    (b) The indictment or information shall:

        (1) State the name of the defendant . . .;

        (2) State plainly, concisely, and definitely the essential facts constituting the elements of the offense charged . . .;

        (3) State the date and place of the offense charged . . .;

        (4) Cite the statute alleged to have been violated and the statutes that fix the penalty or punishment therefor; and

        (5) State the name and degree, if any, of the offense charged.

by any reasonable construction the offense of which Defendant was convicted or hindering the substantial rights of Defendant to prepare a defense or plead former jeopardy in the event of acquittal. See Collins, 328 S.W.3d at 708 n.4. Moreover, Defendant did not allege that any such deficiencies in the uniform citation actually prejudiced his defense. See id. Point denied.

## Conclusion

Defendant did not establish his guilty plea must be withdrawn to correct manifest injustice. Thus, the trial court did not abuse its discretion or clearly err in denying Defendant's motion to withdraw his guilty plea under Rule 29.07(d). We affirm.

Gary M. Gaertner, Jr., P.J.

John P. Torbitzky, J., and
Cristian M. Stevens, J., concur.

6