**STATE of Missouri, Respondent,**

v.

**Fred G. FENSOM, Appellant.**

No. WD 59302.

Missouri Court of Appeals, Western District.

March 5, 2002.

Jeffrey S. Eastman, Gladstone, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before LISA WHITE HARDWICK, P.J., WILLIAM E. TURNAGE, S.J. and JOHN MORAN, S.J.

WILLIAM E. TURNAGE, Senior Judge.

Fred Fensom pleaded guilty to forgery, section 570.090, RSMo 2000. Prior to sen-

tencing, Mr. Fensom filed a motion to withdraw his guilty plea under Rule 29.07(d). Following a hearing, the trial court denied the motion. Mr. Fensom appeals contending that the trial court erred in denying his motion to withdraw his guilty plea because he was misled by counsel regarding the plea agreement.

Dismissed.

Mr. Fensom was charged by information with forgery, section 570.090, RSMo 2000, for signing a fingerprint card so that it purported to have been made by another. Mr. Fensom pleaded guilty to the charge pursuant to a plea agreement in which the prosecutor agreed to dismiss all other pending charges against Mr. Fensom in exchange for his guilty plea.

Prior to sentencing, Mr. Fensom retained new counsel and filed a motion to withdraw his guilty plea under Rule 29.07(d). He claimed that his guilty plea was not voluntarily made because counsel had misled him to believe that the plea agreement with the State provided that the State would recommend a suspended imposition of sentence. Following a hearing, the trial court denied Mr. Fensom's motion. This appeal followed.

In his sole point on appeal, Mr. Fensom claims that the trial court erred in denying his motion to withdraw his guilty plea. He contends that his guilty plea was unintelligent and involuntary because his attorney misled him to believe that in exchange for his guilty plea, the prosecutor agreed to recommend a suspended imposition of sentence.

Initially, the State claims that this court lacks jurisdiction over this appeal. It contends that because Mr. Fensom has not been sentenced, the judgment is not final, and, therefore, not appealable.

There is no right to appeal without statutory authority. *State v.*

*Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). Section 547.070, RSMo 2000, authorizes an appeal in a criminal case from a "final judgment." A judgment becomes final in a criminal case when sentence is entered. *Williams,* 871 S.W.2d at 452. Many cases hold that an order denying a motion to withdraw a guilty plea is an appealable order. *State v. Skaggs,* 248 S.W.2d 635, 636 (Mo.1952); *Hamilton v. State,* 865 S.W.2d 374, 376 (Mo.App. E.D. 1993); *Belcher v. State,* 801 S.W.2d 372, 374 (Mo.App. E.D.1990); *State v. England,* 599 S.W.2d 942, 943 (Mo.App. S.D.1980). In those cases, however, the defendant had been sentenced, and, therefore, a final judgment supported the appeal. In this case, Mr. Fensom had not been sentenced when he filed his appeal from the trial court's denial of his motion to withdraw his guilty plea. No final judgment supports the appeal. *See State v. Shambley Bey,* 989 S.W.2d 681 (Mo.App. E.D.1999)(holding that no appeal lies from the trial court's order denying a motion to withdraw a guilty plea where the court never pronounced sentence on the plea but only suspended imposition of sentence). The appeal is, therefore, dismissed.

HARDWICK, P.J. and MORAN, S.J., concur.