**Mary H. STEVENS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 87885.**

Supreme Court of Missouri,
En Banc.

Dec. 19, 2006.

Arthur G. Muegler, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Asst. Atty. Gen., Jefferson City, for respondent.

MARY R. RUSSELL, Judge.

Mary Stevens appeals the circuit court's judgment dismissing her Rule 24.035 motion as untimely. The judgment is reversed, and the case is remanded as Stevens' motion was timely filed.

Stevens pled guilty to second degree robbery and possession of a controlled substance. The circuit court accepted her guilty plea and set a date for sentencing. Prior to sentencing, she filed a Rule 29.07(d) motion to withdraw her guilty plea. On September 5, 2003, the circuit court overruled her Rule 29.07(d) motion, and she was sentenced and taken into custody.

Stevens appealed the judgment, arguing that the denial of her Rule 29.07(d) motion was improper. The court of appeals affirmed the circuit court, and this Court denied transfer. The court of appeals issued its mandate on December 23, 2004.

Stevens next sought post-conviction relief by filing a motion under Rule 24.035 on February 18, 2005. Under Rule 24.035(b), if there is an appeal of the "judgment or sentence sought to be vacated, set aside or corrected" (*"judgment"*), the Rule 24.035 motion must be made within 90 days of the appellate court's mandate. If there is no appeal of the *judgment*, the Rule 24.035 motion must be made "within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b).

Stevens filed her Rule 24.035 motion on February 18, 2005 ... 57 days after the court of appeals issued its mandate on December 23, 2004, and 532 days after she was taken into custody on September 5, 2003. As such, the motion was timely if the deadline was 90 days from the mandate, but untimely if the deadline was 180 days from the date of custody.

The circuit court dismissed the Rule 24.035 motion as untimely. The State argues that this Court should affirm that the motion was untimely because the 180 days from the date of custody deadline applied. The State reasons that the 90 days from appellate court mandate deadline was inapplicable because the earlier appeal from the denial of the Rule 29.07(d) motion was not an appeal of the *judgment*, but rather it was an appeal from the *order* denying the Rule 29.07(d) motion. This Court finds that the circuit court applied the wrong deadline.

A denial of a Rule 29.07(d) motion is not, by itself, an appealable order. *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002). Appellate jurisdiction exists for criminal cases only after a final judgment. Id. at 892–93. In criminal cases, a judgment becomes final when a sentence is entered. Id. Unless a defendant is sentenced, there is no final judgment to support an appeal of a denial of a Rule

29.07(d) motion. *State v. Fensom,* 69 S.W.3d 550, 551 (Mo.App.2002).

Here, there was a final judgment because Stevens was sentenced. Her appeal of the denial of the Rule 29.07(d) motion was not an appeal from the *order* denying the motion because there is no appellate jurisdiction to hear an appeal from the *order. Larson,* 79 S.W.3d at 893. The appeal was from the *judgment,* and the deadline for the Rule 24.035 motion was 90 days from the appellate court mandate affirming the judgment. Stevens timely filed her Rule 24.035 motion 57 days after the mandate issued.

The State argues that there should be no appeal of the denial of the Rule 29.07(d) motion because the issues raised may involve claims of ineffective assistance of counsel that the defendant could later raise again in a Rule 24.035 motion. This argument is without merit. A defendant may not use Rules 29.07(d) and 24.035 to take two bites from the same apple. If grounds from an appeal of the denial of a Rule 29.07(d) motion are raised again in a Rule 24.035 motion, they should be reviewed under the principles of *res judicata.*

The judgment of the circuit court is reversed and the case is remanded.

All concur.