**STATE of Missouri, Respondent,**

**v.**

**Antonio ONATE, Appellant.**

**No. WD 73778.**

Missouri Court of Appeals,
Western District.

May 7, 2013.

Chris Koster, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

Phillip R. Gibson, Blue Springs, MO, for Appellant.

Before Division Two: ALOK AHUJA, Presiding Judge, and KAREN KING MITCHELL and GARY D. WITT, Judges.

KAREN KING MITCHELL, Judge.

Antonio Onate appeals the denial of a "Motion for New Trial" that he filed following his convictions and sentences, entered upon guilty pleas, for felonious restraint and second-degree (felony) murder. Finding no authority for a "Motion for New Trial" following a guilty plea, the plea court converted Onate's motion into a Rule 29.07(d)[1] motion to withdraw the guilty pleas and, thereafter, denied the motion on its merits. Though the court should have simply denied the motion for lacking any legal authority, rather than converting it and ruling on the merits, we affirm the denial under the principle that the court

1. All rule references are to Missouri Supreme Court Rules (2012), unless otherwise noted.

reached the correct result, even though it was for an erroneous reason.

### Factual Background

Onate's wife was having an affair with Victim. Onate tried, unsuccessfully, several times to end the affair. Onate eventually approached a worker (Employee) in the restaurant Onate owned, and offered to pay Employee a large sum of money to make Victim "go away." Onate expected that Employee would physically harm Victim.

Six days later, Employee and two other men picked Victim up and drove him around, refusing to let Victim leave the vehicle. One of the men shot Victim in the head, another one stabbed Victim repeatedly in the neck, and after he was pulled out of the vehicle, Victim was shot again. Victim died from his injuries, and Onate and Employee were subsequently charged with first-degree murder.

Although Onate admitted his involvement, he denied any intent that Victim be murdered, and he took a lie-detector test, which revealed results supporting his claim. Onate ultimately entered into a plea agreement with the State wherein he agreed to plead guilty to felonious restraint and second-degree (felony) murder in exchange for the State agreeing not to pursue any further charges against Onate stemming from Victim's death. To this end, Onate submitted a Petition to Enter Plea of Guilty to the court, wherein the plea agreement was set forth, Onate recited facts supporting his guilt of the charged crimes, and he acknowledged that the sentence he would receive would be wholly within the discretion of the trial judge.

During the plea proceeding, Onate advised the court that his "complete agreement" with the State was that, in exchange for Onate's guilty plea, the State would refrain from filing any additional charges based upon the discovery in the case. He further indicated that, apart from the terms of the plea agreement recited within the Petition, no other representations were made inducing him to plead guilty. Onate specifically denied that plea counsel—or anyone else—made any promises or representations to him that, if he pled guilty, he would receive any particular sentence. Onate denied the existence of any additional promises or representations made to him "other than what [was] discussed ... in open court" during the plea hearing.

At the sentencing hearing, after Onate put on evidence, the court reiterated the terms of the plea agreement, as described during the plea proceeding, and asked if there was anything else the State wished to present. The State advised the court, "Your Honor, the other further agreement of the State was that the State agreed to *ask for no more* in terms of sentencing than Defendant Hernandez [2] might receive." (Emphasis added.) Earlier that day, Defendant Hernandez was sentenced to thirty years' imprisonment for second-degree murder. Immediately after the State made this assertion, one of Onate's two defense attorneys approached another prosecutor on the case, while the hearing continued, and indicated that his understanding was that the State would seek a prison term *less* than that received by Defendant Hernandez. The prosecutor advised Onate's counsel that the State agreed only to refrain from seeking a sentence that was *greater* than what Defendant Hernandez received. Onate's second

2. Defendant Enrique Hernandez-Hernandez was Onate's employee whom Onate paid to make Victim "go away."

defense counsel was invited into the conversation, and he also indicated his understanding that the State would seek a sentence *less* than what Defendant Hernandez received. Neither counsel nor Onate made any statements on the record regarding their understanding of the State's agreement as to sentencing recommendation.

After argument, the State requested that Onate be sentenced to concurrent terms of thirty years for second-degree murder and seven years for felonious restraint. Defense counsel argued for concurrent terms of ten years and seven years. Onate then addressed the court, apologizing for his actions and expressing remorse. Without any further comment from either Onate or his counsel, the court sentenced Onate to life imprisonment for second-degree murder and a concurrent term of seven years' imprisonment for felonious restraint.

After pronouncing sentence, the court questioned Onate again about the voluntariness of his plea and about counsel's representation. Onate again denied that counsel or anyone else had made any promises or representations to him as to what sentence he would receive in the case.

Onate subsequently filed a "Motion for New Trial for Default of State of Missouri on Essential Terms of Plea Agreement." Attached to the motion were affidavits from Defendant Hernandez's trial counsel and from one of Onate's two plea counsel. The motion and accompanying affidavits indicated that the State had agreed to recommend, for Onate, a sentence *less* than that received by Defendant Hernandez, and that, by recommending a sentence *equal* to that received by Defendant Hernandez, the State breached an essential term of the plea agreement, rendering Onate's plea involuntary. Onate also filed suggestions in support of his "Motion for New Trial," attaching an affidavit from himself, indicating that he relied upon the State's purported agreement to recommend a sentence less than that received by Defendant Hernandez in deciding whether to plead guilty.

The State filed suggestions in opposition, attaching an affidavit from one of the prosecutors indicating that, before Onate entered his plea, the prosecutor informed Onate's counsel that, while the State refused to agree to any set term of years for Onate's sentence, it would not seek a term of imprisonment greater than what Defendant Hernandez might receive.

Thereafter, the trial court issued findings of fact and conclusions of law, rejecting Onate's "Motion for New Trial." The court first noted that a motion for new trial was inappropriate, given that Onate pled guilty; consequently, the court indicated that it was treating Onate's motion as either a Rule 29.07(d) motion to withdraw a guilty plea or a Rule 24.035 motion for post-conviction relief. The court then determined that the agreement as to what sentence the prosecutor would recommend was not an essential term of Onate's plea agreement based on the fact that it was never mentioned during the plea hearing or set forth in the Petition to Enter Plea of Guilty. The court specifically found that the assertions set forth in Onate's affidavit lacked credibility. Finally, the court determined that the State complied with the actual terms of the plea agreement and denied Onate relief. Onate appeals.

### Analysis

"In a direct appeal of a judgment and sentence entered as a result of a guilty plea, our review is restricted to [claims involving] the subject-matter jurisdiction of the trial court and the sufficiency of the information or indictment." *State v. Klaus,* 91 S.W.3d 706, 706 (Mo.App. E.D.

2002). Challenges to either the voluntariness of the plea or "the legality of the sentence imposed may be considered only in response to a Rule 24.035 motion." *Id.; State v. Phillips,* 204 S.W.3d 729, 732 (Mo. App. S.D.2006).

Here, Onate's claim essentially challenges the voluntariness of his guilty pleas, which is a matter exclusively within the province of Rule 24.035. That being said, however, there is authority for the proposition that a direct appeal following a guilty plea also lies where the claim of error involves the overruling of a motion to withdraw a guilty plea, so long as the defendant has been sentenced before appeal. *Stevens v. State,* 208 S.W.3d 893, 894–95 (Mo. banc 2006); *State v. Fensom,* 69 S.W.3d 550, 551 (Mo.App. W.D.2002).

Although Onate's "Motion for New Trial" sought to withdraw his plea, Onate failed to invoke any legal authority under which the court could do so. Recognizing that a motion for new trial was an inappropriate avenue for allowing Onate to withdraw his plea,[3] the court treated Onate's motion as a motion pursuant to Rule 29.07(d), which provides:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Onate's motion, however, could not be treated as a Rule 29.07(d) motion. In *Brown v. State,* 66 S.W.3d 721 (Mo. banc 2002), the Supreme Court gave a thorough history of Rule 29.07(d) and its interaction with the post-conviction rules. *Id.* at 724–29. The Court determined that, under the current rules, Rule 29.07(d) has a very limited role following the imposition of sentence. *Id.* at 730–31 & 731 n. 5. According to *Brown,* although Rule 29.07(d) may permit broader relief at earlier stages of a criminal proceeding, following the defendant's sentencing and remand to the Department of Corrections a Rule 29.07(d) motion is allowed only if it raises "grounds [for relief] other than those enumerated in Rule 24.035."[4] *Id.* at 731 n. 5. *Brown* held that a defendant's claim "that he was misled into pleading guilty by a promise of placement in a treatment program and that he was promised release if he successfully completed it" was a claim that fell within the purview of Rule 24.035(a), and could therefore not be raised in a post-judgment Rule 29.07(d) motion. *Id.* at 731–32.[5]

3. A motion for new trial cannot follow a guilty plea, as a guilty plea waives a trial altogether. Furthermore, in criminal matters, a motion for new trial must be filed and ruled upon *before* judgment is entered. *See* Rule 29.11(b)–(c). Onate's motion was filed *after* sentencing; thus, even if a motion for new trial were an available option, Onate's motion was untimely.

4. Rule 24.035 provides:

> A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

"Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." *Id.*

5. To the extent that *State v. Thomas,* 96 S.W.3d 834 (Mo.App. W.D.2002), could be read to suggest that a post-sentencing, post-remand Rule 29.07(d) motion may be used to

Here, the court could not properly treat Onate's motion as a motion to withdraw his guilty plea pursuant to Rule 29.07(d) because it was filed after Onate was *both* sentenced and remanded to DOC, and it raised, as a ground for relief, a challenge to the voluntariness of his pleas.[6] A claim that a defendant's guilty plea was not knowing and voluntary is a claim "that the conviction ... violates the constitution and laws of this state or the constitution of the United States," and therefore falls within the post-conviction claims enumerated in Rule 24.035(a). *See State v. Craig,* 287 S.W.3d 676, 679, 681 (Mo. banc 2009); *State v. Shafer,* 969 S.W.2d 719, 731 (Mo. banc 1998). The exclusive means for Onate to raise the voluntariness issue, following his sentencing and remand to the Department of Corrections, is through a motion for post-conviction relief under Rule 24.035.[7]

Once the plea court recognized that there was no legal authority for filing a "motion for new trial" following a guilty plea, the court should have simply denied the motion on the ground that it lacked legal authority. The court, however, attempted to convert the motion into something for which there was legal authority. Understandable though this was, it should not have been done.

"'Because appellate courts are primarily concerned with the correctness of the result reached by the trial court, we are not bound by its rationale and may affirm the judgment on any grounds sufficient to sustain it.'" *State ex rel. Feltz v. Bob Sight Ford, Inc.,* 341 S.W.3d 863, 868 n. 3 (Mo.App. W.D.2011) (quoting *Russo v. Bruce,* 263 S.W.3d 684, 687 (Mo.App. S.D. 2008)). "'Thus, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient.'" *Id.* (quoting *Bus. Men's Assurance*

assert a claim that a guilty plea was involuntary, such a reading would be inconsistent with *Brown.* In any event, *Thomas* is distinguishable from this case in that the defendant in *Thomas* made an oral motion to withdraw his guilty plea immediately following his sentencing, before he was remanded to DOC; his later written motion merely reasserted the grounds raised earlier. *See id.* at 836–37.

6. Although the court inappropriately converted Onate's motion to a Rule 29.07(d) motion, the conversion had the effect of rendering Onate's appeal one of the denial of a Rule 29.07(d) motion. And, although we normally would lack jurisdiction over a direct appeal following a guilty plea where the defendant challenges neither the subject matter jurisdiction of the trial court nor the sufficiency of the charging instrument, under the Missouri Supreme Court's holding in *Stevens,* we have jurisdiction over this appeal. 208 S.W.3d at 895; *cf. Klaus,* 91 S.W.3d at 706–07 (dismissing direct appeal from a guilty plea where issue was neither subject matter jurisdiction of the trial court nor a challenge to the sufficiency of the charging instrument). By our decision, we do not imply that the appellate court's jurisdiction on direct appeal from a guilty plea is any broader than existing case law currently recognizes.

7. We reject the trial court's attempt, in the alternative, to treat the motion for new trial as a Rule 24.035 motion, given that it was filed in the criminal matter, rather than in a separate civil proceeding, and Onate was represented by plea and sentencing counsel at the time, which could have led to an inherent conflict of interest if his motion for new trial was, indeed, a Rule 24.035 motion. *See State v. Taylor,* 1 S.W.3d 610, 612 (Mo.App. W.D. 1999) ("A trial attorney's representing a defendant ... in a postconviction motion in which the claim is ineffective assistance of trial counsel creates an inherent conflict of interest for the attorney."). Thus, should Onate decide to pursue a Rule 24.035 motion in the future, it shall not be deemed successive as a result of the plea court's effort to convert his "Motion for New Trial" in this matter to a Rule 24.035 motion. Onate shall have 90 days from the issuance of the mandate in this case to file a Rule 24.035 motion.

*Co. of Am. v. Graham,* 984 S.W.2d 501, 506 (Mo. banc 1999)).

Although the plea court should have simply denied Onate's "Motion for New Trial" on the ground that it lacked legal authority, rather than converting the motion and then addressing its merits, it nevertheless reached the correct result—denial of the motion. Consequently, we affirm its decision.

**Conclusion**

Because the plea court reached the correct result, even though for an incorrect reason, its decision denying Onate's "Motion for New Trial" is affirmed.

ALOK AHUJA, Presiding Judge, and GARY D. WITT, Judge, concur.