

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| DE ANDREA GRAY, | ) | |
| | ) | |
| Appellant, | ) | WD78896 |
| | ) | |
| v. | ) | OPINION FILED: August 30, 2016 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable W. Brent Powell, Judge

Before Division Two: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

De Andrea Gray ("Gray") appeals from a judgment denying his motion to vacate and expunge prior convictions pursuant to Rule 29.07(d).[1]  Gray argues that he was convicted of crimes for which he did not plead guilty, and that he received ineffective assistance of counsel.  Finding no error, we affirm.

---

[1] Rule 29.07(d) addresses the withdrawal of guilty pleas.

## Factual and Procedural History

The factual and procedural history relevant to this appeal is drawn primarily from prior orders and judgments which have addressed Gray's efforts to vacate convictions in Jackson County, Missouri of the Class B felony of attempted robbery in the first degree and of the Class A felony of assault in the first degree. All of Gray's efforts to vacate his convictions, including the motion giving rise to this appeal, were initiated several years after Gray completed service of the sentences imposed for his convictions.

Gray was charged in Jackson County, Missouri in October 1991 with the Class A felony of attempted robbery in the first degree and armed criminal action ("ACA") in Case No. CR91-4773. The State later amended the robbery charge to the Class B felony of attempted robbery. In 1991, the authorized range of punishment for a Class B felony was five to fifteen years in prison. Section 558.011 (RSMo 1991)

Gray was charged in Jackson County, Missouri in January 1992 with the Class A felony of assault in the first degree and ACA in Case No. CR92-0032. In 1992, the authorized range of punishment for a Class A felony was ten to thirty years or life imprisonment. Section 558.011 (RSMo 1992).

On October 7, 1992, Judge William Peters entered a written Guilty Plea/Judgment in Case No. CR91-4773 finding Gray guilty of the Class B felony of attempted robbery in the first degree pursuant to a guilty plea, and noting that the State had dismissed the ACA charge. The judgment imposed a sentence of seven years' imprisonment, a sentence within the authorized range of punishment. On the same date, Judge Peters also entered a written Guilty Plea/Judgment in Case No. CR92-0032 finding Gray guilty of the Class A felony of

2

assault in the first degree pursuant to a guilty plea, and noting that the State had dismissed the ACA charge. The judgment imposed a sentence of seven years' imprisonment, a sentence that is not within, and is in fact less than, the authorized range of punishment. The sentence imposed in Case No. CR92-0032 was ordered to run concurrent with the sentence imposed in Case No. CR91-4773. Although both judgments were signed by Judge Peters on October 7, 1992, they recite that Gray was present in court and entered his guilty pleas on October 5, 1992. A written acknowledgement of guilty plea form signed by Gray, and dated October 5, 1992, was filed in Case No. CR92-0032.[2] The acknowledgment does not describe the terms of Gray's guilty plea, but advises Gray of his rights pursuant to Rule 24.035. Gray did not file a post-conviction motion pursuant to Rule 24.035 in either case.

In or around 2011, and thus long after Gray had completed the service of his concurrent seven-year sentences for his Missouri convictions, Gray was convicted of a federal crime for which he received an enhanced sentence as a career criminal.[3] The enhancement of Gray's federal sentence was a result of his Missouri convictions. Gray alleges that this was when he first realized that he had been convicted in Case No. CR91-4773 and Case No. CR92-0032 of crimes for which he never pled guilty.

Gray claims instead that he agreed to enter an Alford plea to the Class C felony of attempted robbery in the second degree in Case No. CR91-4773, with a seven-year sentence, the execution of which was to be suspended while he served five years' probation. And Gray claims that he agreed to plead guilty in Case No. CR92-0032 to the reduced

---

[2]It is unclear from the record whether a similar acknowledgement was filed in Case No. CR91-4773.
[3]*United States v. De Andrea Gray*, Case No. 10-00099-02-CR-W-DGK (W.D. Mo. 2011).

3

charge of a Class C felony of carrying a concealed weapon, for which he would receive a seven-year sentence. Gray claims that when he appeared in court on October 5, 1992, a visiting judge would not accept his guilty pleas, and that his guilty plea hearing was rescheduled to October 26, 1992.[4] Gray was instead almost immediately transferred to prison, and never reappeared before the trial judge. Gray explains that he assumed his presence was not required to finalize his guilty pleas, and that he never questioned his convictions because he was serving seven years, consistent with the plea agreement he believed he had reached. Gray alleges that he never pled guilty to the crimes of which he was actually convicted, and that he never participated in a guilty plea hearing where questions were asked of him by the court.

When Gray was sentenced years later in federal court, and allegedly learned that he had been convicted in Missouri of crimes for which he never pled guilty, Gray began efforts to vacate his Missouri convictions. On May 9, 2012, Gray filed an application for writ of *coram nobis* in Case No. CR91-4773 and Case No. CR92-0032. The trial court denied the application on May 23, 2012, finding it had no authority to grant such relief. On November 15, 2012, Gray filed a motion for relief from judgment pursuant to Rule 74.06(d)[5] in Case No. CR91-4773 and Case No. CR92-0032. The trial court denied the motion on November 30, 2012, finding that Rule 74.06(d) is a rule of civil procedure that does not apply to judgments in criminal cases.

---

[4]The record supports Gray's contention that a hearing was scheduled for October 26, 1992, in both Case No. CR91-4773 and Case No. CR92-0032.

[5]Rule 74.06(d) addresses when a final civil judgment can be set aside.

On January 31, 2013, Gray filed a motion pursuant to Rule 29.12(b) and (c) in Case No. CR91-4773 and Case No. CR92-0032, alleging plain errors resulting in a manifest injustice, and a clerical mistake in his judgments of conviction. The trial court denied the motion on July 16, 2013, finding that Rule 24.035 represented the exclusive procedure by which Gray should have made claims that the judgments entered in his case violated the constitutions of the State of Missouri or of the United States. The trial court found that Rule 29.12(b) (involving plain error) does not create an independent basis for relief. The trial court found that Gray's request to correct "clerical errors" in his State court judgments was without merit because the errors he claims were not clerical in nature, and because Gray could not establish that the judgments entered were not the judgments intended. Finally, the trial court held:

> Other than [Gray's] own self-serving statements that he did not plea guilty to the offenses contained in the judgments, there is no evidence that the Court intended to enter judgments reflecting that [Gray] pled guilty to offenses other than the offenses listed in the judgment[s] entered by the Court on October 7, 1992.

> To the contrary, the record establishes that [Gray] did not plea guilty to the Class C felonies of Attempted Robbery in the Second Degree and Carrying a Concealed Weapon in the manner in which [Gray] claims in his motion. In both cases, the record does not contain amended informations amending the charges to which [Gray] claims to have pled guilty. In addition, the record is completely void of any evidence, suggestion or indication that Defendant pled guilty to offenses that are not reflected in the judgments. While the Court is unable to locate or produce the transcript of [Gray's] guilty plea on October 5, 1992, [Gray] bears the burden of establishing from the existing record that mistake or clerical error occurred, and he is unable to meet this burden.

> Finally, [Gray's] claims are not credible as they are inconsistent with legal rules and laws that existed in 1992. First, [Gray] claims that he pled guilty to the Class C felony of Carrying a Concealed Weapon in CR 92-0032.

5

However, in 1992 Carrying a Concealed Weapon was a Class D felony with a maximum range of punishment of five-years['] imprisonment. Second, [Gray] claims that the Court "consolidated" the two cases into one conviction. Yet, there is no legal basis for the Court to consolidate these two cases. . . . Because [Gray's] claims are not credible and there is no support for his claims in the record, [Gray] cannot establish that the judgments were the result of a clerical error, and he is not entitled to relief pursuant to Rule 29.12(c).

(Citations omitted.)

Sometime in 2014, Gray filed a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri, Western Division. Though the federal court concluded "that something seems amiss" with Gray's guilty pleas, it noted that the "problem is compounded by the fact that because so much time has passed, the state court has been unable to locate crucial records to sort out the inconsistencies alleged by [Gray]." The federal court denied the writ because even assuming the accuracy of Gray's account, its authority to afford habeas relief was limited by 28 U.S.C. section 2554(a) to addressing "custody pursuant to the judgment of a State court," and Gray was not in custody pursuant to a state court judgment.[6] The federal court observed: "Whether the convictions and sentences entered against [Gray] in 1992 were or were not erroneous, the fact remains that petitioner completed serving those sentences long ago."

On March 9, 2015, Gray filed a motion in Case No. CR91-4773 and Case No. CR92-0032 to vacate and expunge his convictions as unconstitutional pursuant to Rule 29.07(d)

---

[6]The federal court noted that *Maleng v. Cook*, 490 U.S. 488, 492 (1989), held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of habeas attack on it."

and 28 U.S.C. section 1651(a) writ of error *coram nobis*.[7]  On May 29, 2015, the trial court

denied the motion "for the reasons cited in its Judgment and Orders entered on May 23,

2012, November 30, 2012, and July 16, 2013."  The trial court expressly found that all of

the claims raised by Gray could have been raised in a timely filed Rule 24.035 motion.

On April 23, 2015, Gray filed another motion to vacate and expunge his convictions

as unconstitutional pursuant to Rule 29.07(d), though this time as an independent civil

action.  Gray's motion was denied on July 13, 2015 "for the reasons cited [by the trial court]

in its Judgment and Order entered on May 29, 2015 in case numbers [CR91-4773] and

[CR92-0032]."

Gray appeals from the denial of his April 23, 2015 motion.

### Deficiencies in Gray's Brief

Gray's brief suffers from a variety of Rule 84.04 violations but most notably a

violation of Rule 84.04(d).  Rule 84.04(d)(1) requires each point relied on to:

> (A)    identify the trial court ruling or action that the appellant challenges;
>
> (B)    state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C)    explain in summary fashion why, in the context of the case, those legal reasons support the claims of reversible error.

Our Supreme Court explained the purpose of this Rule in *Thummel v. King*, 570 S.W.2d

679, 686 (Mo. banc 1978):

> The requirement that the point relied on clearly state the contention on appeal
> is not simply a judicial word game or a matter of hypertechnicality on the

---

[7]The trial court did not address, nor will we, Gray's request for relief pursuant to 28 U.S.C. section 1651(a) which only applies, by its plain terms, to the United States Supreme Court and courts established by Acts of Congress.

7

part of appellate courts. . . . Perhaps the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered. . . . [S]uch notice is essential to inform the court of the issues presented for resolution. . . . If the appellate court is left to search the argument portion of the brief . . . to determine and clarify the nature of the contentions asserted, much more is at stake than a waste of judicial time . . . . The more invidious problem is that the court may interpret the thrust of the contention differently than the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues related and relied on in an appeal.

Both of Gray's points relied on fail to comply with Rule 84.04(d)(1). Gray's points relied on are nothing more than a free flowing argument replete with vague references to a plethora of perceived grievances. The points do not state wherein and why the trial court erred in denying relief pursuant to Rule 29.07(d). However, "[d]espite the mandatory nature of the requirements of Rule 84.04, this Court has discretion to review non-compliant briefs *ex gratia* where the argument is readily understandable." *Null v. New Haven Care Ctr., Inc.*, 425 S.W.3d 172, 177-78 (Mo. App. E.D. 2014) (citing *Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 41 (Mo. App. W.D. 2008)). It is evident that Gray is seeking relief from convictions of crimes for which he claims he never pled guilty, and that he is doing so pursuant to Rule 29.07(d). Because we prefer to decide appeals on their merits, we exercise our discretion to review Gray's points on appeal *ex gratia*. *Id.* at 178.

**Analysis**

8

In Point One, Gray argues that the trial court erred in denying his Rule 29.07(d) motion because Gray never plead guilty to the crimes of which he was convicted, and was not present during his conviction and sentencing. In Point Two, Gray argues that the trial court erred in denying his Rule 29.07(d) motion because Gray received ineffective assistance of counsel because counsel knew that Gray was convicted inconsistent with the plea agreement he reached, and that Gray never participated in a guilty plea hearing. We address the points collectively.[8]

Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Rule 29.07(d) does not express a temporal limitation on when a motion to withdraw a guilty plea can be filed "after sentence" is imposed. However, our Supreme Court has addressed this very issue, clarifying that Rule 29.07(d) is not a substitute for other forms of post-conviction relief. *Brown v. State*, 66 S.W.3d 721, 730 (Mo. banc 2002), *disagreed with on unrelated grounds by State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516-17 (Mo. banc 2010). After addressing the history of Rule 29.07(d) and its interaction with other post-conviction remedies, the Supreme Court observed:

---

[8] The State argues that this Court does not have jurisdiction to entertain this appeal because the denial of a Rule 29.07(d) motion is not appealable. In *McCoy v. State*, this Court found that it has "jurisdiction over appeals from the denial of motions to withdraw guilty pleas under Rule 29.07(d), where the motions were filed subsequent to the defendant's sentencing." 456 S.W.3d 887, 892 (Mo. App. W.D. 2015). Because Gray's motion was filed after his sentencing, we decline the State's invitation to revisit our holding in *McCoy*.

9

While Rule 29.07(d) traditionally was available to provide the kind of relief that these courts[9] now state should be sought by means of a petition for habeas corpus, Rule 29.07(d) does not have its own procedures or separately developed jurisprudence and, for this reason, has fallen into disuse since the adoption of Rule 24.035. In the meantime, Missouri's courts have developed the law of habeas corpus in cases such as *Jaynes* and *Simmons* to accommodate claims time-barred under Rule 29.15 . . . . Moreover, Rules 29.15 and 24.035 are otherwise interpreted *in pari materia*. Given this history, to reinstate Rule 29.07(d) as a necessary means of raising claims time-barred under Rule 24.035 would serve no useful purpose. To the contrary, it would add another level of complexity to what can already be a lengthy and complex post-conviction process.

*Id.* at 730. Thus, "although Rule 29.07(d) may permit broader relief at earlier stages of a criminal proceeding, following the defendant's sentencing and remand to the Department of Corrections a Rule 29.07(d) motion is allowed only if it raises 'grounds [for relief] other than those enumerated in Rule 24.035.'" *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. W.D. 2013) (quoting *Brown*, 66 S.W.3d at 731 n.5). "[I]f a defendant raises claims in a Rule 29.07(d) motion which are within those enumerated in Rule 24.035, the motion remains a Rule 24.035 motion and subject to all the terms and conditions of Rule 24.035, including time limitations." *Elam v. State*, 210 S.W.3d 216, 219 (Mo. App. W.D. 2006).

Here, Gray complains that his convictions were based on a guilty plea that was not knowing and voluntary; that his sentence was illegally imposed because he was not present at the time he was convicted and sentenced;[10] and that he received ineffective assistance of counsel. "A claim that a defendant's guilty plea was not knowing and voluntary is a claim 'that the conviction . . . violates the constitution and laws of this state or the constitution of

---

[9]Referring to *Brown v. Gammon*, 947 S.W.2d 437 (Mo. App. W.D. 1997), and *Reynolds v. State*, 939 S.W.2d 451 (Mo. App. W.D. 1996).

[10]"[A] defendant's presence at sentencing is required by statute and rule." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 515 n.4 (Mo. banc 2010) (citing sections 546.550 to 546.570; Rule 29.07(b))

the United States,' and therefore falls within the post-conviction claims enumerated in Rule 24.035(a)." *Onate*, 398 S.W.3d at 107 (quoting Rule 24.035(a)). Similarly, a claim that a defendant was illegally sentenced following a guilty plea "'may be considered only in response to a Rule 24.035 motion.'" *Id.* at 106 (quoting *State v. Klaus*, 91 S.W.3d 706, 706 (Mo. App. E.D. 2002)). Finally, a claim that a defendant received "ineffective assistance of trial and appellate counsel" is a claim that is expressly enumerated in Rule 24.035.

Gray's claims are within the scope of Rule 24.035, and were thus required to be asserted in a timely filed Rule 24.035 motion. Gray did not file a Rule 24.035 motion. His claims are time-barred and procedurally defaulted.

Gray alleges that he did not know that he was convicted and serving sentences for crimes as to which he never pled guilty. Gray thus alleges that he should be excused from failing to raise his claims in a timely filed Rule 24.035 motion. The only recognized means for achieving relief where "'a detainee has failed to timely seek Rule 24.035 relief, if the detainee can establish that his grounds for relief were not known to him while Rule 24.035 proceedings were available,'" is pursuant to Rule 91 addressing habeas relief. *Brown*, 66 S.W.3d at 730 (quoting *Reynolds v. State*, 939 S.W.2d 451, 455 (Mo. App. W.D. 1996)). Gray's underlying motion did not seek habeas relief pursuant to Rule 91.

In fairness, Gray appears to be facially ineligible for Rule 91 habeas relief, as he is presently detained in Tennessee on a federal conviction, and as he has long since completed service of the sentences that had him detained in Missouri. *See* Rule 91.01(b) (providing that a "person *restrained* of liberty *within this state* may petition for a writ of habeas corpus") (emphasis added). The unusual circumstances in this case involve a scenario

11

neither anticipated by nor discussed in *Brown*. It is not at all clear, therefore, that Rule 29.07(d) is unavailable to prevent manifest injustice where claims that should have been raised in a Rule 24.035 motion can no longer be remediated by Rule 91 habeas relief because the grounds for relief were not known to the defendant until *after* a sentence is fully served and the defendant is no longer detained.

We need not decide whether Rule 29.07(d) affords a viable post-conviction option in such an unusual circumstance to correct a manifest injustice. Even if it does, Gray is foreclosed from seeking relief pursuant to Rule 29.07(d) because it has already been determined that he has not suffered a manifest injustice.

Gray's January 31, 2013 motion filed in Case No. CR91-4773 and Case No. CR92-0032 alleged that plain errors resulted in a manifest injustice pursuant to Rule 29.12(b). Gray's Rule 29.12(b) motion was denied by the trial court's July 16, 2013 judgment. The July 16, 2013 judgment expressly found that Gray's claim that he did not plead guilty to the offenses of which he was convicted and instead pled guilty to other offenses was neither credible nor supported by any evidence. These same findings were expressly incorporated into the trial court's May 29, 2015 judgment which denied Gray's first attempt to seek relief pursuant to Rule 29.07(d). Neither judgment was appealed by Gray. Both judgments are now final.

"Collateral estoppel, or issue preclusion, provides that a fact judicially determined in one action may not be litigated again in another action involving different issues." *Johnson v. Raban*, 702 S.W.2d 134, 136 (Mo. App. E.D. 1985). Collateral estoppel applies where "the issue decided in the prior adjudication was *identical* with the issue presented in

12

the present action; . . . the prior adjudication resulted in a judgment on the merits; . . . the party against whom collateral estoppel is asserted was a party . . . to the prior adjudication; and . . . the party against who collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." *Id.* at 136-37. It was determined in connection with Gray's Rule 29.12(b) motion, and again in connection with Gray's first Rule 29.07(d) motion, that Gray's claim that he did not plead guilty to the crimes of which he was convicted and pled instead to other crimes is neither credible nor supported by evidence. Gray is bound by this determination in connection with the Rule 29.07(d) motion giving rise to this appeal. As such, Gray is foreclosed from claiming that the circumstances of his guilty plea resulted in a manifest injustice, an essential prerequisite to relief pursuant to Rule 29.07(d).

Points One and Two are denied.

## Conclusion

The trial court's April 23, 2015 judgment is affirmed.

_Cynthia L. Martin_____
Cynthia L. Martin, Judge

All concur