

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD82746** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **January 28, 2020** |
| **BRENT E. TRITLE,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Platte County, Missouri
The Honorable James W. Van Amburg, Judge**

**Before Division One:** Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Anthony Rex Gabbert, Judges

Mr. Brent Tritle ("Tritle"), appearing *pro se*, appeals the ruling of the Circuit Court of Platte County, Missouri ("motion court"), denying his Rule 29.07(d)[1] motion to withdraw his guilty plea to felony driving while intoxicated ("DWI") from sixteen years earlier. However, because the exclusive procedure to raise the claims Tritle raises is via Rule 24.035 and not Rule 29.07(d), the claims asserted in Tritle's Rule 29.07(d) motion are time-barred, and his appeal is dismissed.

---

[1] All rule references are to I MISSOURI COURT RULES – STATE 2019.

**Factual and Procedural Background**

Tritle was charged as a persistent offender in the Platte County Circuit Court in March of 2003 with the class D felony DWI. On April 24, 2003, Tritle appeared with plea counsel and pleaded guilty, as charged, to felony DWI. As part of his guilty plea agreement, the State dismissed "all companion traffic charges pending in Division V." The circuit court accepted Tritle's guilty plea and sentenced him to five years' imprisonment. Tritle did not pursue relief via a Rule 24.035 motion subsequently.

Sixteen years later, on April 8, 2019, Tritle filed a Rule 29.07(d) motion[2] to withdraw his guilty plea on the ground that he was guilty of only a class A misdemeanor, not a class D felony, because one of the convictions used to enhance his sentence was a municipal-court conviction for driving while intoxicated that resulted in a suspended imposition of sentence. The motion court denied this motion on May 28, 2019.

Tritle appealed.

**Analysis**

In his sole point on appeal, Tritle argues that the motion court erred in denying his motion to withdraw his guilty plea of sixteen years earlier because his sentence was in excess of that which the circuit court was authorized to impose[3] and he was misled to plead guilty and, therefore, his conviction constitutes a manifest injustice.

---

[2] Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

[3] Tritle relies upon the holding of *Turner v. State*, 245 S.W.3d 826, 829 (Mo. banc 2008), that "the use of prior municipal offenses resulting in an SIS [(suspended imposition of sentence)] cannot be used to enhance punishment under section 577.023." *Turner* was later superseded by a statutory amendment of section 577.023, which now *permits* municipal offenses resulting in a suspended imposition of sentence to be used for enhancement purposes (though the amended version is not applicable to this case).

The argument that "Rule 29.07(d) provides a basis to set aside . . . guilty pleas even if the motion would be time-barred because not timely filed under Rule 24.035"[4] is one that "has been repeatedly and properly rejected by Missouri's appellate courts." *Brown v. State*, 66 S.W.3d 721, 727 (Mo. banc 2002) (collecting cases) (overruled on unrelated grounds by *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010)). Continuing, the Missouri Supreme Court concluded that "[w]here . . . the movant was or reasonably should have been aware of his or her claim in sufficient time to file a timely motion under Rule 24.035 and simply failed to do so, resort to Rule 29.07(d) is impermissible[.]" *Id.* "Challenges to either the voluntariness of the plea or 'the legality of the sentence imposed may be considered only in response to a Rule 24.035 motion.'" *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. W.D. 2013) (quoting *State v. Klaus*, 91 S.W.3d 706, 706 (Mo. App. E.D. 2002)).

"[A]lthough Rule 29.07(d) may permit broader relief at earlier stages of a criminal proceeding, following the defendant's sentencing and remand to the Department of Corrections a Rule 29.07(d) motion is allowed only if it raises 'grounds [for relief] other than those enumerated in Rule 24.035.'" *Gray v. State*, 498 S.W.3d 522, 528 (Mo. App. W.D. 2016) (quoting *Onate*,

---

[4] Rule 24.035(a) provides:

A person convicted of a felony on a plea of guilty claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. *This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated*.

(Emphasis added.)

Rule 24.035(b) provides that the time for filing such motion is "no earlier than the date the sentence is entered if no appeal is taken, including if no appeal is taken after any remand of the judgment or sentence following a prior appeal, or the date the mandate of the appellate court issues affirming the judgment or sentence"[;] if no appeal is taken, "within 180 days of the date the sentence is entered"; and if an appeal is taken, "within 90 days after the date the mandate of the appellate court issues[.]"

398 S.W.3d at 106). "[I]f a defendant raises claims in a Rule 29.07(d) motion which are within those enumerated in Rule 24.035, the motion remains a Rule 24.035 motion and subject to all the terms and conditions of Rule 24.035, including time limitations." *Id.* (internal quotation marks omitted). *See also State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 510 (Mo. banc 2017) ("Rule 29.07(d) does not apply to claims enumerated within Rule 24.035." "Because [the defendant] pleaded guilty, his claims for post-conviction relief are governed by Rule 24.035," and the circuit court exceeded its authority in granting the defendant's Rule 29.07(d) motion.).[5]

Plainly, Tritle's claims that his sentence was in excess of that which the circuit court was authorized to impose and his guilty plea was the result of misleading advice from his plea counsel were claims within the ambit of Rule 24.035. There is no dispute that Tritle did not raise these claims in accordance with the terms and conditions of Rule 24.035, including, most notably, its time limitations. Therefore, "[Tritle's] claims are time-barred and procedurally defaulted." *Gray*, 498 S.W.3d at 529. Consistent with our ruling in *State v. Backues*, 568 S.W.3d 892, 893 (Mo. App. W.D. 2018), Tritle's appeal must be dismissed.

## Conclusion

The claims asserted by Tritle in his Rule 29.07(d) motion are time-barred and his appeal is dismissed.

/s/ *Mark D. Pfeiffer*
_____
Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Anthony Rex Gabbert, Judge, concur.

---

[5] *State ex rel. Fite v. Johnson*, 530 S.W.3d 508 (Mo. banc 2017), is also pertinent because, like here, the defendant had pleaded guilty to felony stealing prior to subsequent precedent concluding that the factual basis for the defendant's plea may not have supported felony stealing; but, like here, the precedent that gave rise to the Rule 29.07(d) motion filed by the defendant was issued after the defendant's judgment of conviction had become final and after the time for filing a Rule 24.035 motion for postconviction relief had expired.