

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD82784 |
| | ) | |
| JAMES J. HAMILTON, | ) | Opinion filed:  July 7, 2020 |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### THE HONORABLE SHANE T. ALEXANDER, JUDGE

Division Three:  Thomas N. Chapman, Presiding Judge,
Edward R. Ardini, Jr., Judge and W. Douglas Thomson, Judge

James Hamilton[1] ("Hamilton") appeals from the denial of his Rule 29.07(d)[2] motion to withdraw his guilty pleas to kidnapping and robbery in the first degree entered in 1996 by the Circuit Court of Clay County. Because Hamilton's claims are time-barred and procedurally defaulted, we dismiss the appeal.

### Factual and Procedural Background

In May 1994, Hamilton was charged with kidnapping and robbery in the first degree. The trial court granted Hamilton's request that he undergo a psychiatric examination,[3] and, in August

---

[1] Hamilton brought his Rule 29.07(d) motion *pro se* and is acting *pro se* in this appeal.

[2] All rule references are to the Missouri Supreme Court Rules (2017) unless otherwise indicated.

[3] Hamilton also filed a notice of intent to rely on the defense of mental disease or defect excluding responsibility.

1995, following a hearing, the trial court found that Hamilton understood the charges pending against him and was capable of assisting in his defense.

On January 22, 1996, Hamilton appeared with counsel before the trial court to enter guilty pleas to both charges. During a colloquy with the trial court, Hamilton confirmed that he understood the charges to which he was pleading guilty, that his attorney had explained all possible defenses to him and that he had read and signed each page of his petition to enter the guilty pleas. Hamilton acknowledged the rights that he would be waiving by pleading guilty, stated that his decision to plead guilty was not induced by threats or coercion and that he was satisfied with the services he had received from his counsel.

At the plea hearing, the State related the following facts in support of the charges:

Count One, . . .the Defendant unlawfully removed [the victim] without her consent from the Metro North Shopping Center . . . for the purpose of facilitating the commission of a felony[.] . . . Count Two, . . . the Defendant forcefully stole an automobile . . . and in the course thereof Defendant was armed with a deadly weapon. The circumstance that took place at the Metro North Mall, a 20-year-old female was leaving the business where she worked, was approaching her vehicle. The Defendant accosted her, put her into the van at knife-point. They drove down 169 Highway. At some point in time the vehicle was stopped. She was able to get out of the vehicle. She later identified the Defendant through a live line-up as the person who abducted her from the Metro North Mall.

Hamilton informed the trial court that he had no disagreement with the facts as recited by the prosecutor and admitted to their veracity. The trial court found there was a factual basis for the pleas "and therefore accepts the pleas of guilty to the charge contained in Count One, the Class B felony of kidnapping; Count Two, the class A felony of robbery in the first degree."[4] The trial

---

[4] In exchange for Hamilton's guilty pleas, the prosecutor agreed to make a non-binding recommendation that the sentences run concurrent to each other and to other sentences imposed against Hamilton in the Circuit Court of Jackson County in September 1995 for sodomy, rape, armed criminal action and kidnapping. The State also agreed to dismiss an armed criminal action charge pending under a separate case number. Hamilton indicated that he understood that the State's recommendation was not binding on the trial court and that he would not be permitted to withdraw his guilty pleas if he was dissatisfied with the sentences ultimately imposed.

court sentenced Hamilton to fifteen years for kidnapping and life imprisonment for robbery in the first degree.

Hamilton did not file a motion for post-conviction relief under Rule 24.035.[5] However, more than twenty-two years later, on October 18, 2018, Hamilton filed a motion to withdraw his guilty pleas under Rule 29.07(d). The trial court denied Hamilton's motion. Hamilton appeals from that ruling.

**Discussion**

Hamilton raises four points on appeal. In Point I, he complains about the form of the trial court's denial of his Rule 29.07(d) motion. In Points II and IV, Hamilton argues that the factual basis for his pleas was not accurate. In Point III, he alleges that his guilty pleas were not knowing or voluntary, arguing that he was denied a proper mental evaluation. We find the claims asserted in the Rule 29.07(d) motion should have been raised in a timely filed Rule 24.035 motion and are now time-barred and procedurally defaulted. We dismiss the appeal.

Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." However, "'Rule 29.07(d) has a very limited role following the imposition of sentence.'" *State v. Paden*, 533 S.W.3d 731, 738 (Mo. App. W.D. 2017) (quoting *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. W.D. 2013) (additional citation omitted). Indeed, while "'Rule 29.07(d) may permit broader relief at earlier stages of a criminal proceeding, following the defendant's sentencing and remand to the Department of Corrections a Rule 29.07(d) motion is

---

[5] In 2010, Hamilton filed a motion for post-conviction DNA testing, which was denied by the trial court. This Court affirmed the denial of DNA testing by *per curiam* order in *State v. Hamilton*, 332 S.W.3d 266 (Mo. App. W.D. 2010)

allowed only if it raises grounds for relief other than those enumerated in Rule 24.035.'" *Id*. (quoting *Onate*, 398 S.W.3d at 106).

Rule 24.035 permits a post-conviction attack following a guilty plea for claims "that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law[.]" Rule 24.035(a). "Rule 24.035(a) 'provides the exclusive procedure' to seek relief for the claims enumerated in the rule." *State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 510 (Mo. banc 2017) (quoting *Brown v. State*, 66 S.W.3d 721, 727 (Mo. banc 2002) (*overruled on other grounds by State ex rel. Zinna v. Steele*, 301 S.W.3d 510 (Mo. banc 2010)). "A claim that a defendant's guilty plea was not knowing and voluntary is a claim 'that the conviction . . . violates the constitution and laws of this state or the constitution of the United States,' and therefore falls within the post-conviction claims enumerated in Rule 24.035(a)." *Paden*, 533 S.W.3d at 738 (quoting *Onate*, 398 S.W.3d at 107; Rule 24.035(a)). Further, "'it follows that any post-incarceration attempt to set aside a plea of guilty based upon a violation of Rule 24.02[6] must ordinarily be raised in a Rule 24.035 motion.'" *Id*. (quoting *State v. Sexton*, 75 S.W.3d 304, 308 n.6 (Mo. App. S.D. 2002)).

The allegations asserted by Hamilton in his 29.07(d) motion are plainly claims that his "'conviction[s] . . . violate[ ] the constitution and laws of this state or the constitution of the United States,' and therefore fall[ ] within the post-conviction claims enumerated in Rule 24.035(a)." *Onate*, 398 S.W.3d at 107 (quoting Rule 24.035(a)). *See also Johnson*, 530 S.W.3d at 510 ("Rule

---

[6] Rule 24.02 provides in pertinent part that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). Thus, any attack by Hamilton directed at the factual basis supporting his guilty pleas was also required to be brought in a timely Rule 24.035 motion.

4

29.07(d) does not apply to claims enumerated within Rule 24.035.") It is undisputed that Hamilton failed to raise these claims in a timely Rule 24.035 motion. Thus, Hamilton's efforts to assert these claims through a motion to withdraw his guilty plea filed more than two decades after the pleas were entered are time-barred and procedurally defaulted. *See Johnson*, 530 S.W.3d at 510.[7] Consistent with our ruling in *State v. Tritle*, 599 S.W.3d 233 (Mo. App. W.D. 2020), Hamilton's appeal must be dismissed.

## Conclusion

The claims asserted by Hamilton in his Rule 29.07(d) motion are time-barred and his appeal is dismissed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[7] In 1996, a motion for post-conviction relief under the Rule 24.035 was required to be filed "within ninety days of the date the person is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."